FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV 27  PM 3: 57

SIGN_____
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

CAJUN CONSTRUCTORS, INC )
         )
   Plaintiff,    )
         )
v.         )  Case No. 06-902-JVP-CN
         )
ECOPRODUCT SOLUTIONS, LP; )
ECOPRODUCT SOLUTIONS, GP LLC )
RICK BILLINGS; MIKE LARGEY; )
PRIEST RIVER, LTD; YANDELL )
ROGERS, JR; YANDELL ROGERS III )
JOE SWINGLE; MATT WHITAKER; 
JIM HUGHES; and SYNGENTA CROP )
PROTECTION, INC.    )
   Defendants.  )

---

## NOTICE OF REMOVAL

---

  Defendants EcoProduct Solutions, L.P., Yandell Rogers, Jr. and Yandell Rogers

III,("Defendants"), hereby remove this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441

and, in support thereof, states as follows:

    1.  On October 24, 2006, Defendant, Yandell Rogers III, was served with a copy of a

Citation for Personal Service, and Plaintiff's Original Petition styled No. 64,383, *Cajun Constructors*

*v. Ecoproduct Solutions, LP; Ecoproduct Solutions, GP, LLC; Rick Billings; Mike Largey; priest*

*river, Ltd.; Yandell Rogers, Jr.; Yandell Rogers III; Joe Swingle; Matt Whitaker; Jim Hughes; and*

*Syngenta Crop Protection, Inc.*, pending in the 18th Judicial District Court for Iberville, Parish,

Louisiana.  These documents were the initial pleadings served upon Yandell Rogers III setting forth

NOTICE OF REMOVAL

JP, Removal

the claims upon which such action is based. A true and correct copy of the foregoing Service of Process Transmittal Form with attached Citation, and Plaintiff's Original Petition are attached hereto as Exhibit A and constitute all pleadings, process and other documents served upon Yandell Rogers III in this action.

2.     On October 30, 2006, Defendant, Yandell Rogers Jr., was served with a copy of a Citation for Personal Service, and Plaintiff's Original Petition styled No. 64,383, *Cajun Constructors v. Ecoproduct Solutions, LP; Ecoproduct Solutions, GP, LLC; Rick Billings; Mike Largey; priest river, Ltd.; Yandell Rogers, Jr.; Yandell Rogers III; Joe Swingle; Matt Whitaker; Jim Hughes; and Syngenta Crop Protection, Inc.*, pending in the 18th Judicial District Court for Iberville, Parish, Louisiana. These documents were the initial pleadings served upon Yandell Rogers Jr. setting forth the claims upon which such action is based. A true and correct copy of the foregoing Service of Process Transmittal Form with attached Citation, and Plaintiff's Original Petition are attached hereto as Exhibit A and constitute all pleadings, process and other documents served upon Yandell Rogers, Jr. in this action.

3.     On November 9, 2006, Defendant, EcoProduct Solutions L.P., was served with a copy of a Citation for Personal Service, and Plaintiff's Original Petition styled No. 64,383, *Cajun Constructors v. Ecoproduct Solutions, LP; Ecoproduct Solutions, GP, LLC; Rick Billings; Mike Largey; priest river, Ltd.; Yandell Rogers, Jr.; Yandell Rogers III; Joe Swingle; Matt Whitaker; Jim Hughes; and Syngenta Crop Protection, Inc.*, pending in the 18th Judicial District Court for Iberville, Parish, Louisiana. These documents were the initial pleadings served upon EcoProduct setting forth the claims upon which such action is based. A true and correct copy of the foregoing Service of

Process Transmittal Form with attached Citation, and Plaintiff's Original Petition are attached hereto as Exhibit A and constitute all pleadings, process and other documents served upon EcoProduct in this action.

4.     This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441(a).

5.     Plaintiff is a resident and citizen of the state of Louisiana.  (Plaintiff's Petition).

6.     EcoProducts, LP is a Texas limited partnership with its principal place of business in Montgomery County, Texas.  The Rogers Defendants are individuals residing in Houston, Texas. Syngenta Crop Protection, Inc., the only other defendant served to date, is a Delaware corporation with its principal place of business in Greensboro, North Carolina.

7.     The unserved corporate defendants include: EcoProducts Solutions, GP, LLC, a Texas corporation, with its principal place of business in Montgomery County, Texas, and Priest River, Ltd., a Texas limited partnership, with its principal place of business in Montgomery County, Texas.

8.     The remaining individual defendants, all of whom EcoProduct believes to have been fraudulently joined, are identified by Plaintiff as being domiciled in Houston, Texas.

9.     Accordingly, there is complete diversity among the Plaintiff and defendants.

10.     Plaintiff's Petition seeks damages of $1,406,758.54, well in excess of the requisite $75,000, exclusive of interests and costs.  Plaintiff's Petition seeks enforcement of a statutory lien, and alleges breach of contract, fraudulent inducement, negligent misrepresentation, and unjust enrichment, and seeks actual damages for loss of earnings, humiliation, embarrassment, and injury to credibility.

11.     Defendants' Notice of Removal has been filed within thirty (30) days after the initial receipt by Yandell Rogers III of Plaintiff's Petition, in accordance with 28 U.S.C. §1446(b), and within thirty (30) days of service on Syngenta Crop Protection, which was accomplished on October 24, 2006.

12.     Counsel for Defendants have conferred with counsel for Syngenta Crop Protection, Inc., the only other defendant to have been served with process to date.  Syngenta is not opposed to this removal.

13.     Venue is proper in this Court.

14.     Pursuant to 28 U.S.C. §1446(d), Defendants have given written notice of the removal of this action to all parties and have filed a copy of this Notice with the Clerk of the Court of the 18th Judicial District Court of Iberville, Parish, Louisiana.

**WHEREFORE,** EcoProduct Solutions, Ltd., Yandell Rogers III and Yandell Rogers, Jr. remove this action to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

_____
Ann E. Webb
La. Bar No. 18491

ATTORNEY IN CHARGE FOR DEFENDANTS
YANDELL ROGERS JR. AND YANDELL ROGERS
III

OF COUNSEL:
William A. Gage, Jr.
Texas Bar No. 07566580
Buck, Keenan, Gage, Little & Lindley, L.L.P.

NOTICE OF REMOVAL                    4

700 Louisiana, Suite 5100
Houston, Texas 77002
(713) 225-4500
(713) 225-3719 (Fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Removal was served on the following by certified mail, return receipt requested this 22nd day of November, 2006:

R. Gray Sexton
Law Offices of R. Gray Sexton
675 Bluebonnet Blvd., Suite C
Baton Rouge, LA 70810

_Ann E Webb_

_____
Ann E. Webb

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

CAJUN CONSTRUCTORS, INC  )
          )
   Plaintiff,    )
          )
v.          )  Case No. _____
          )
ECOPRODUCT SOLUTIONS, LP; )
ECOPRODUCT SOLUTIONS, GP LLC )
RICK BILLINGS; MIKE LARGEY; )
PRIEST RIVER, LTD; YANDELL )
ROGERS, JR; YANDELL ROGERS III )
JOE SWINGLE; MATT WHITAKER; )
JIM HUGHES; and SYNGENTA CROP )
PROTECTION, INC.    )
   Defendants.   )

---

**EXHIBIT A**

---

1. **All executed process**

Citations and Returns for Syngenta Crop Protection, Inc. and EcoProduct Solutions, GP, LLC are attached. As of the time of filing of this Removal, no other returns of service had been filed with the Iberville Parish Court.

2. **All Pleadings and Orders**

Petition to Enforce Lien and for Damages

3. **List of All Counsel**

Counsel for Plaintiff:

R. Gray Sexton
La. Bar No. 07531
Law Offices of R. Gray Sexton

3675 Bluebonnet Blvd Suite C
Baton Rouge, LA 70810
225-767-2020
225-767-0845 (fax)

Counsel for Defendants Eco-Solutions, LP, Yandell Rogers, Jr. and Yandell Rogers III:

Ann E. Webb
La. Bar. No 18491
William A. Gage, Jr.
Buck, Keenan, Gage, Little & Lindley, LLP
700 Louisiana Suite 5100
Houston, TX 77002
713-225-4500
713-225-3719

4.      **Notice of Filing of Notice of Removal**

Attached

# Exhibit A-1

Form: 0020                          CITATION

---

CAJUN CONSTRUCTORS, INC.              No: 00000064383    Div: B

VERSUS                                18th Judicial District Court
                                      State of Louisiana
ECOPRODUCT SOLUTIONS, GP, LLC         Parish of Iberville

---

The State of Louisiana and said Court to

YANDELL ROGERS, JR.
(VIA LOUISIANA LONG ARM STATUTE:)


   You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC.              a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 30 days after the service hereof, under

penalty of default.

   Witness the Honorable Judges, of said Court, this 16 day of OCTOBER

A.D. 2006.

A TRUE COPY
DATE 10-16-06
*Barbara C. Cavalier*
Deputy Clerk, Ex-Officio, Recorder, Iberville Parish, Louisiana

*Barbara C. Cavalier*
Deputy Clerk

---------------------------------------------------------------------

SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE    $_____              By:_____
                                       Deputy Sheriff
MILEAGE    $_____

TOTAL      $_____

[ File Copy ]

Form: 0020                        CITATION

---

CAJUN CONSTRUCTORS, INC.               No: 00000064383      Div: B

VERSUS                                 18th Judicial District Court
                                       State of Louisiana
ECOPRODUCT SOLUTIONS, GP, LLC          Parish of Iberville

---

The State of Louisiana and said Court to

YANDELL ROGERS, III
(VIA LOUISIANA LONG ARM STATUTE:)


    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC.                    a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 30 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of  OCTOBER

A.D. 2006.

                                          Barbara C. Canalut
                                          Deputy Clerk


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                            SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____  served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE     $_____              By: _____
                                         Deputy Sheriff
MILEAGE     $_____

TOTAL       $_____

                            [ File Copy ]

Form: 0020                          CITATION

| | |
|---|---|
| CAJUN CONSTRUCTORS, INC. | No: 00000064383      Div: B |
| VERSUS | 18th Judicial District Court<br>State of Louisiana |
| ECOPRODUCT SOLUTIONS, GP, LLC | Parish of Iberville |

The State of Louisiana and said Court to

JOE SWINGLE
(VIA LOUISIANA LONG ARM STATUTE:)


    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC.           a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 30 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of  OCTOBER

A.D. 2006.

                                    _Barbara C. Dannehi_
                                         Deputy Clerk


------------------------------------------------------------------------------

                         SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE   $_____            By: _____
                                      Deputy Sheriff
MILEAGE   $_____

TOTAL     $_____

                         [ File Copy ]

Form: 0020                          CITATION

| CAJUN CONSTRUCTORS, INC. | No: 00000064383      Div: B |
| VERSUS | 18th Judicial District Court<br>State of Louisiana |
| ECOPRODUCT SOLUTIONS, GP, LLC | Parish of Iberville |

The State of Louisiana and said Court to

MATT WHITAKER
(VIA LOUISIANA LONG ARM STATUTE:)


    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said <u>PLAINTIFF, CAJUN CONSTRUCTORS, INC.</u>         a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 30 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this <u>16</u> day of <u>OCTOBER</u>

A.D. <u>2006</u>.


<u>Barbara C. Dauline</u>
          Deputy Clerk


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

<u>PERSONAL SERVICE</u> on the party herein named _____

<u>DOMICILIARY SERVICE</u> on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE    $_____              By: _____
                                        Deputy Sheriff
MILEAGE    $_____

TOTAL      $_____

[ File Copy ]

Form: 0020                          CITATION

---

CAJUN CONSTRUCTORS, INC.              No: 00000064383    Div: B

VERSUS                               18th Judicial District Court
                                     State of Louisiana
ECOPRODUCT SOLUTIONS, GP, LLC        Parish of Iberville

---

The State of Louisiana and said Court to

JIM HUGHES
(VIA LOUISIANA LONG ARM STATUTE:)


    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC.          a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 30 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of OCTOBER

A.D. 2006.

                                    _Barbara C. Cauulut_
                                    Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                          SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE   $_____              By:_____
                                      Deputy Sheriff
MILEAGE   $_____

TOTAL     $_____

                          [ File Copy ]

Form: 0020                              CITATION

CAJUN CONSTRUCTORS, INC.          No: 00000064383    Div: B

VERSUS                            18th Judicial District Court
                                  State of Louisiana
ECOPRODUCT SOLUTIONS, GP, LLC     Parish of Iberville

The State of Louisiana and said Court to

ECOPRODUCT SOLLUTIONS, GP,LLC
(VIA LOUISIANA LONG ARM STATUTE:)


    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC._____ a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 15 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of  OCTOBER

A.D. 2006.

                                  _Barbara C. Candlue_
                                     Deputy Clerk


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                          SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE   $_____            By:_____
                                    Deputy Sheriff
MILEAGE   $_____

TOTAL     $_____

                          [ File Copy ]

Form: 0020                        CITATION

| | |
|---|---|
| CAJUN CONSTRUCTORS, INC. | No: 00000064383      Div: B |
| VERSUS | 18th Judicial District Court |
| ECOPRODUCT SOLUTIONS, GP, LLC | State of Louisiana<br>Parish of Iberville |

The State of Louisiana and said Court to

RICK BILLINGS
(VIA LOUISIANA LONG ARM STATUTE:)

    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC._____ a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 30 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of OCTOBER

A.D. 2006.

                                    _Barbara A. Cavalier_
                                      Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.

RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE    $_____                    By:_____
MILEAGE    $_____                         Deputy Sheriff
TOTAL      $_____

[ File Copy ]

Form: 0020                              CITATION

---

CAJUN CONSTRUCTORS, INC.              No: 00000064383      Div: B

VERSUS                               18th Judicial District Court
                                     State of Louisiana
ECOPRODUCT SOLUTIONS, GP, LLC        Parish of Iberville

---

The State of Louisiana and said Court to

MIKE LARGEY
(VIA LOUISIANA LONG ARM STATUTE:)


    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC.            a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 15 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of OCTOBER

A.D. 2006.

                                     _Barbara C. Carville_
                                          Deputy Clerk


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                            SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE    $_____              By:_____
                                          Deputy Sheriff
MILEAGE    $_____

TOTAL      $_____

                            [ File Copy ]

Form: 0020                          CITATION

| CAJUN CONSTRUCTORS, INC. | No: 00000064383    Div: B |
|---|---|
| VERSUS | 18th Judicial District Court |
| | State of Louisiana |
| ECOPRODUCT SOLUTIONS, GP, LLC | Parish of Iberville |

The State of Louisiana and said Court to

PRIEST RIVER, LTD
(VIA LOUISIANA LONG ARM STATUTE:)


    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC.            a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 15 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of  OCTOBER

A.D. 2006.

                                    _Barbara C. Cavalier_
                                    Deputy Clerk


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE   $_____              By:_____
                                      Deputy Sheriff
MILEAGE   $_____

TOTAL     $_____

                        [ File Copy ]

Form: 0020                              CITATION

CAJUN CONSTRUCTORS, INC.                No: 00000064383      Div: B

VERSUS                                  18th Judicial District Court
                                        State of Louisiana
ECOPRODUCT SOLUTIONS, GP, LLC           Parish of Iberville

The State of Louisiana and said Court to

SYNGENTA CROP PROTECTION, INC.
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
CT CORPORATION SYSTEMS- 8550 UNITED PLAZA
BATON ROUGE, LA 70809

    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC.          a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 15 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of OCTOBER

A.D. 2006.

                                        _Barbara C. Cavalier_
                                             Deputy Clerk


-----------------------------------------------------------------------------

                              SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.


SERVICE    $_____          By: _____
                                       Deputy Sheriff
MILEAGE    $_____

TOTAL      $_____

                              [ File Copy ]

Form: 0020                           CITATION

| | |
|---|---|
| CAJUN CONSTRUCTORS, INC. | No: 00000064383    Div: B |
| VERSUS | 18th Judicial District Court |
| | State of Louisiana |
| ECOPRODUCT SOLUTIONS, GP, LLC | Parish of Iberville |

The State of Louisiana and said Court to

ECOPRODUCT SOLLUTIONS, L.P.
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
CAPITOL CORPORATE SERVICES, INC.-8550 UNITED PLAZA, BUILDING II, SUITE 305
BATON ROUGE, LA 70809

    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said <u>PLAINTIFF, CAJUN CONSTRUCTORS, INC.</u>            a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 15 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this <u>16</u> day of <u>OCTOBER</u>

A.D. <u>2006</u>.

                                    _Barbara O. Caudui_
                                    Deputy Clerk


--------------------------------------------------------------------------

                              SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

<u>PERSONAL SERVICE</u> on the party herein named _____

<u>DOMICILIARY SERVICE</u> on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE   $_____              By: _____
                                       Deputy Sheriff
MILEAGE   $_____

TOTAL     $_____

                              [ File Copy ]

RETURN

Form: 0020                                     CITATION

| | |
|---|---|
| CAJUN CONSTRUCTORS, INC. | No: 00000064383      Div: B |
| VERSUS | 18th Judicial District Court |
| ECOPRODUCT SOLUTIONS, GP, LLC | State of Louisiana<br>Parish of Iberville |

The State of Louisiana and said Court to

ECOPRODUCT SOLLUTIONS, L.P.
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
CAPITOL CORPORATE SERVICES, INC.-8550 UNITED PLAZA, BUILDING II, SUITE 305
BATON ROUGE, LA 70809

    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC.              a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 15 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of OCTOBER

A.D. 2006.

_Barbara C. Canelle_
               Deputy Clerk

-------------------------------------------------------------------

SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.

OCT 23 2006

RETURNED:

PARISH OF _____this _____ day of _____, _____.

SERVICE    $_____    By: _____
                                      Deputy Sheriff

MILEAGE    $_____

TOTAL      $_____

[ Service Copy ]

11/6/06

Form: 0020                           CITATION

RETURN

---

CAJUN CONSTRUCTORS, INC.                No: 00000064383    Div: B

VERSUS                                  18th Judicial District Court
                                        State of Louisiana
ECOPRODUCT SOLUTIONS, GP, LLC           Parish of Iberville

---

The State of Louisiana and said Court to

SYNGENTA CROP PROTECTION, INC.
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
CT CORPORATION SYSTEMS- 8550 UNITED PLAZA
BATON ROUGE, LA 70809

    You are hereby summoned either to comply with the demand contained in the
PETITION TO ENFORCE LIEN AND FOR DAMAGES
petition of the said PLAINTIFF, CAJUN CONSTRUCTORS, INC.                a copy

of which accompanies the citation, or deliver your answer to the said petition

in the office of the Clerk of said Court, held at the Court House at

Plaquemine, in said Parish, within 15 days after the service hereof, under

penalty of default.

    Witness the Honorable Judges, of said Court, this 16 day of  OCTOBER

A.D. 2006 .

                                  _Barbara C. Danelue_
                                    Deputy Clerk

--------------------------------------------------------------------

SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of

_____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of sixteen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.

RETURNED:

PARISH OF _____ this_____ day of _____, _____.

SERVICE    $_____                    By: _____
                                          Deputy Sheriff
MILEAGE    $_____

TOTAL      $_____

[ Service Copy ]

**Exhibit A-2**

18TH JUDICIAL DISTRICT COURT

PARISH OF IBERVILLE

STATE OF LOUISIANA

*NEW SUIT*

SUIT NO.

64383

CAJUN CONSTRUCTORS, INC.

DIVISION

*B*

VERSUS

**ECOPRODUCT SOLUTIONS, LP; ECOPRODUCT SOLUTIONS, GP, LLC;
RICK BILLINGS; MIKE LARGEY; PRIEST RIVER, LTD; YANDELL ROGERS, JR.;
YANDELL ROGERS, III; JOE SWINGLE; MATT WHITAKER;
JIM HUGHES; AND SYNGENTA CROP PROTECTION, INC.**

---

### PETITION TO ENFORCE LIEN AND FOR DAMAGES:

NOW INTO COURT, through undersigned counsel, comes Cajun Constructors, Inc. (hereinafter sometimes referred to as "Cajun"), a domestic corporation domiciled in East Baton Rouge Parish, State of Louisiana, which respectfully represents as follows:

I.    PARTIES

1.

Made defendants herein are:

A.    **ECOPRODUCT SOLUTIONS, LP** (hereinafter sometimes referred to as "EcoProduct"), a Texas Limited Partnership, authorized to do and doing business in the State of Louisiana whose principal business address in Louisiana is listed as 8550 United Plaza Building II, Suite. 305, Baton Rouge, LA 70809;

B.    **ECOPRODUCT SOLUTIONS, GP, LLC**, a Texas Limited Liability Company, believed to be the Managing Partner of defendant EcoProduct Solutions, LP, domiciled at 5711 Hillcroft, Houston, TX 77036;

C.    **RICK BILLINGS**, an individual above the age of majority believed to be a Partner of defendant EcoProduct Solutions, LP and domiciled at 5711 Hillcroft, Houston, TX 77036;

D.    **MIKE LARGEY**, an individual above the age of majority believed to be a Partner of defendant EcoProduct Solutions, LP and domiciled at 5711 Hillcroft, Houston, TX 77036;

E.    **PRIEST RIVER, LTD** (hereinafter sometimes referred to as "Priest River"), a Texas Limited Partnership doing business in Louisiana, believed to be domiciled in Houston Texas, whose address is believed to be 5711 Hillcroft, Houston, TX 77036;

F.    **YANDELL ROGERS, JR.**, an individual above the age of majority believed to be the Managing Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

LAW OFFICES
OF
**R. GRAY SEXTON**
675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

**SCANNED**
IBERVILLE PARISH
PLAQUEMINE, LA

G.    **YANDELL ROGERS, III,** an individual above the age of majority believed to be a Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

H.    **JOE SWINGLE,** an individual above the age of majority believed to be a Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

I.    **MATT WHITAKER,** an individual above the age of majority believed to be a Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

J.    **JIM HUGHES,** an individual above the age of majority believed to be a Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

K.    **SYNGENTA CROP PROTECTION, INC.** (hereinafter sometimes referred to as "Syngenta"), a Delaware corporation, authorized to do and doing business in the State of Louisiana whose principal business establishment in Louisiana is located at the St. Gabriel Plant, River Road, St. Gabriel, LA 70776.

## II.   VENUE AND JURISDICTION

2.

Venue is proper in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana in accordance with La. CCP Art. 42 as Iberville Parish is the situs of the immovable property subject to the enforcement of the statutory lien, and all or a substantial amount of the relevant facts described in this petition occurred in Iberville Parish Louisiana. Jurisdiction is proper in the 18th Judicial District Court as the situs of the immovable property subject to the enforcement of the statutory lien is located in Iberville Parish. In addition, defendants EcoProduct Solutions, LP and Syngenta Crop Protection, Inc., are licensed to do and doing business in the State of Louisiana, conducting business in Iberville Parish. Defendant Priest River, Ltd. does business in Louisiana.

## III.   GENERAL FACTS

3.

Cajun is a multi-faceted performance-based contractor with extensive experience in industrial and mechanical construction throughout Louisiana and the southeast region of the United States.

4.

Cajun entered into an agreement with EcoProduct on June 30, 2005 to perform the mechanical package of construction services for EcoProduct in regards to the construction of the Syngenta Calcium Chloride Project located at 3905 Highway 75, St. Gabriel, Louisiana 70776 (hereinafter sometimes referred to as the "Project").

LAW OFFICES
OF
**R. GRAY SEXTON**
575 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

5.

Defendant EcoProduct Solutions, GP, LLC as Managing Partner of EcoProduct is for the acts of defendant EcoProduct all as contemplated in a La. C.C. Art. 28:17.

6.

It is believed by Cajun that defendant Rick Billings is a Partner of defendant EcoProduct, and as such, is liable for the acts of defendant EcoProduct all as contemplated in a La. C.C. Art. 28:17.

7.

It is believed by Cajun, that defendant Mike Largey, employed by EcoProduct as its Project Manager, is also a Partner of EcoProduct, and as such, is liable for the acts of EcoProduct all as contemplated in a La. C.C. Art. 28:17.

8.

Upon information and belief, EcoProduct is a wholly owned subsidiary of Priest River, is controlled, by Priest River, and as such, Priest River is liable *in solido*, for the acts of its subsidiary, EcoProduct.

9.

Upon information and belief, defendant Yandell Rogers, Jr. is the Managing Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

10.

Upon information and belief, defendant Yandell Rogers, III is a Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

11.

Upon information and belief, defendant Joe Swingle is a Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

12.

Upon information and belief, defendant Matt Whitaker is a Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

13.

Upon information and belief, defendant Jim Hughes is a Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

LAW OFFICES
OF
**R. GRAY SEXTON**
575 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

14.

EcoProduct acted as the General Contractor on the Project and contracted out various portions of the construction of the Project, to different entities.

15.

Cajun's scope of work at the Project entailed the management and erection of structural steel, mechanical equipment, piping systems, painting, insulation, the construction of civil foundations, and area paving at the Project.

16.

The mechanical contract between Cajun and EcoProduct was for the lump sum value of $999,950.00.

17.

Before Cajun received the "Issued For Construction" Drawings in order to start construction on the Mechanical Scope of Cajun's work, EcoProduct put Cajun portions of Cajun's work on hold due to EcoProduct attempting a redesign of the load out line, which ran from the new construction, through the existing Syngenta facility to the Mississippi River. EcoProduct had ENGlobal Engineering, its contracted design engineer, redesign the load out line.

18.

At some time after the redesign of the load line, EcoProduct terminated its relationship with ENGlobal Engineering. Once ENGlobal Engineering was terminated, EcoProduct's Partner and Project Manager, Mike Largey, began to issue verbal orders and directions to Cajun personnel in an effort to have Cajun facilitate the construction of EcoProduct's design changes at the Project.

19.

The changes and extra work Cajun was directed to perform delayed Cajun in the completion of the original scope of Cajun's work. Inasmuch, by December 31, 2005, Cajun had completed 100% of its original scope of work and at that time, defendant Mike Largey, made representations to Cajun personnel that EcoProduct desired Cajun to remain at the site and assist EcoProduct in a "start-up" capacity. Mike Largey made verbal representations and commitments that all of the extra, out-of-scope work performed by Cajun at the direction of EcoProduct would be paid strictly on a time and material basis.

LAW OFFICES
OF
R. GRAY SEXTON
1675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

Page 4 of 17

20.

Due to EcoProduct's promise to compensate Cajun on a time and material basis for all extra and out-of-scope work performed at the Project, Cajun, at the direction of the EcoProduct representative and Project Manager, did perform extra and out-of-scope work at the Project.

21.

EcoProduct personnel reviewed and consented to the Cajun time sheets and material purchase orders regarding the extra and out-of-scope work performed by Cajun at the Project.

22.

Cajun continued to perform work on a time and material basis for EcoProduct from December 31, 2005 until October 9, 2006 due to the representations and commitments, made by EcoProduct, that EcoProduct would honor its agreement to compensate Cajun for the extra, out-of-scope work on a time and material basis.

23.

As of this date, Cajun has been paid 90% of the value of the lump sum contract it entered with EcoProduct. Although Cajun has performed all of its scope of work, EcoProduct, Priest River and Syngenta have failed to submit to Cajun the withheld retainage in the amount of $99,995.00.

24.

Cajun has submitted invoices to EcoProduct in the amount of $1,416,647.91 for the out-of-scope services, payable on a time and material basis, performed at the Project.

25.

All of the additional out-of-scope work performed by Cajun at the Project was performed for the benefit of defendants.

26.

An additional amount of $38,858.06 is owed to Cajun for services performed in September of 2006 through October 9, 2006, which has yet to be invoiced to EcoProduct. The total value of services provided by Cajun to the defendants, for extra, out-of-scope work performed at the project is $1,455,505.97

27.

As of this date, Cajun has been paid the amount of $148,742.50 for the extra and out-of-scope work it was directed to perform by EcoProduct for the Project.

LAW OFFICES
OF
R. GRAY SEXTON
1675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

28.

EcoProduct is indebted to Cajun for the total amount of $1,306,763.54 for extra and out-of-scope performed at the Project.

29.

The total amount of EcoProduct's indebtedness to Cajun for services performed at the Project for the benefit of the defendants, is $1,406,758.54.

30.

On October 6, 2006, Cajun personnel attended a meeting in Houston, Texas to discuss facilitation of the payment of the amounts due Cajun by EcoProduct and Priest River.

31.

At the meeting, EcoProduct and Priest River were represented by counsel. As Cajun was under the impression that the agenda of this meeting was to discuss the payment of Cajun's outstanding invoices, Cajun was not represented by counsel.

32.

Present at this meeting, and on behalf of defendant Priest River, were defendants and alleged Partners of Priest River, Joe Swingle, Matt Whitaker and Jim Hughes.

33.

Present at this meeting, and on behalf of defendant EcoProduct, was defendant and alleged Partner of EcoProduct, Rick Billings.

34.

At this meeting, which was directed by the representatives of Priest River (defendants Joe Swingle, Matt Whitaker and Jim Hughes) Cajun was informed that Priest River and/or EcoProduct did not intend to pay Cajun for the extra, out-of-scope work performed at the Project.

35.

On October 9, 2006, Cajun was served with a Petition for Damages, filed by EcoProduct in the District Court of Harris County, Texas, listing Cajun as a defendant. It was learned that the petition had been filed on August 22, 2006, approximately 46 days before Cajun met with defendant EcoProduct and Priest River to facilitate payment.

LAW OFFICES
OF
R. GRAY SEXTON
675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

IV.    COUNT I – ENFORCEMENT OF STATUTORY LIEN

36.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's 1-36 of this Petition for Damages and to Enforce Lien.

37.

Cajun furnished equipment and labor on an open account basis to the defendants for a certain Project upon property owned by Syngenta, said property being more particularly described as follows:

> Syngenta Calcium Chloride Project located at 3905 Highway 75, St. Gabriel, Louisiana 70776 (hereinafter sometimes referred to as the "Project").  A more detailed description of the said property is included in the Statement of Claim and privilege filed by Cajun and attached hereto, labeled as Exhibit "A".

38.

The aforementioned Project was, upon Cajun's information and belief, a "Private Works" Project governed particularly by LA. R.S.  9:4801 *et seq.*

39.

Because defendant EcoProduct is a wholly owned subsidiary of Priest River, Cajun avers that Priest River is liable, *in solido*, along with the Syngenta and EcoProduct for the full amount of Cajun's claims.

40.

As a result of the non-payment of its invoices and in accordance with LA R.S. 9:4801, et seq., Cajun filed and recorded in the Mortgage and Conveyance records of Iberville Parish, a *Statement of Claim and Privilege*, on July 8, 2006, with regard to the aforementioned Project and debt owed to Cajun, as follows:

> A.    Against EcoProduct Solutions, LP, as General Contractor, and Syngenta Crop Protection, Inc., as Owner; said Statement of Claim and Privilege recorded in Mortgage Book 439 Entry 27, File Number 46877, with the Clerk and Recorder of Mortgages for the Parish of Iberville, State of Louisiana in the amount of $1,276,723.85, and

> B.    Against EcoProduct Solutions, LP, as General Contractor, and Syngenta Crop Protection, Inc., as Owner; said Statement of Claim and Privilege recorded in the Conveyance Records, Book 578 Entry 188, File Number 46876, with the Clerk and Recorder of Mortgages for the Parish of Iberville, State of Louisiana in the amount of $1,276,723.85.

LAW OFFICES
OF
**R. GRAY SEXTON**
175 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

41.

As of July 15, 2006, Cajun was owed the entire amount of said claim, as indicated in the preceding paragraph with regard to the Project.

42.

All appropriate notices of the amount due Cajun and the filing of the *Statement of Claim and Privilege* have been given to all appropriate parties as required by LA. R.S. 9:4801 *et seq.*

43.

The Statement of Claim and Privilege was timely recorded in conformity with The Louisiana Private Works Act (LA. R.S. 9:4801 *et seq.*) thereby entitling Cajun to have its *Statement of Claim and Privilege* on the property described in Paragraph 4 of this Petition recognized as an encumbrance against the property in accordance with applicable Louisiana law.

44.

Defendants have failed to make any payments of the amounts due unto Cajun since the filing of the *Statement of Claim and Privilege* and, therefore, Cajun is entitled to attorney fees which Cajun has and will incur in this proceeding.

45.

Cajun is entitled to recover the sum of $5,000.00 as attorney's fees and court costs for the cost of preparing, filing, executing and recording the *Statement of Claim and Privilege* with regard to the aforementioned Project.

46.

Cajun is entitled to have the *Statement of Claim and Privilege* recognized as such encumbrance upon the property described above as provided by law.

**V.   COUNT II – BREACH OF CONTRACT**

47.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's 1-46 of this Petition to Enforce Lien and for Damages.

LAW OFFICES
OF
**R. GRAY SEXTON**
75 BLUEBONNET BLVD.
SUITE C
\TON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

48.

In addition to the enforcement of the statutory lien granted Cajun, Cajun is entitled to recover measurable pecuniary damages, which were foreseeable, as a result of the breach by EcoProduct of agreement and commitment to Cajun to compensate Cajun on a time and material basis for all extra or out-of-scope work performed at the Project.

49.

EcoProduct (through its Partner, and Project Manager, Mike Largey) committed to, promised, agreed and otherwise became legally obligated to pay Cajun for extra and out-of-scope work performed by Cajun at the direction of EcoProduct on a time and material basis.

50.

For its part, Cajun agreed to perform the extra and out-of-scope work at the direction of EcoProduct based solely on the commitment, promise, assurances and contractual obligations of EcoProduct that it would compensate Cajun on a time and material basis for any work performed.

51.

Indeed, EcoProduct acknowledged its responsibility under this agreement, contract and commitment by directing Cajun employees and field personnel to perform the construction changes in the field.  In addition, EcoProduct paid the invoices for the amounts owed on several of the initial Cajun invoices submitted to EcoProduct for out-of-scope work performed by Cajun.

52.

Throughout the course of the construction of the Project, Cajun continued to cooperate with EcoProduct in assisting EcoProduct with the construction aspects of the plant start up, even though a substantial amount of Cajun's invoices went unpaid.

53.

Following the occurrence of the aforementioned events in general, and the payment to Cajun of $148,742.50 for extra work performed on a time and material basis, EcoProduct breached its contract with Cajun.  EcoProduct breached its obligation to pay Cajun on a time and material basis for all extra and out-of-scope work performed by Cajun at the direction of EcoProduct.  The reason Cajun has been told, and therefore believes, is that the extra and out-of-scope work performed by Cajun exceeded a "lump sum change order amount."

LAW OFFICES
OF
R. GRAY SEXTON
375 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

54.

At no time did EcoProduct ever indicate to Cajun, during the construction of the Project that the extra and out-of-scope work performed by Cajun at the request and direction of EcoProduct was to be compensated in any other fashion than on a time and material basis. Nor did EcoProduct ever indicate that there was a "lump sum" dollar figure amount that Cajun could not exceed while performing the extra work at the direction of EcoProduct.

55.

As a direct, reasonably anticipated and clearly foreseeable result of the breach by EcoProduct of its promises, commitments and obligations to Cajun to compensate Cajun on a time and material basis for all extra and out-of-scope work performed by Cajun at the direction of EcoProduct, Cajun has sustained pecuniary damages in an undetermined amount.  As more particularly set forth hereinabove and as a result of the breach by EcoProduct of its contract with Cajun to compensate Cajun on a time and material basis for all extra and out-of-scope work performed by Cajun at the direction of EcoProduct, Cajun has not been paid the sum of $1,306,763.54, in addition to the sum of $99,995.00, the amount of retainage withheld from the original lump sum contract.

56.

Cajun specifically avers that the above and foregoing damages are foreseeable and well within the contemplation of the parties as Cajun had expressed to EcoProduct that it would perform the extra and out-of-scope work at the direction of EcoProduct based solely on the commitment, promise, assurances and contractual obligations of EcoProduct that EcoProduct would compensate Cajun on a time and material basis for any work performed and that EcoProduct's Partner and Project Manager, Mike Largey, had specifically acknowledged his awareness of Cajun's concerns over compensation and agreed to compensate Cajun on a time and material basis for all extra and out-of-scope work performed.

57.

Accordingly, and as a result of the breach by EcoProduct of its contractual commitment, obligations and promises to Cajun to compensate Cajun on a time and material basis for all extra and out-of-scope work performed by Cajun at the direction of EcoProduct, Cajun is entitled to recover from the defendants damages in an undetermined amount.

LAW OFFICES
OF
R. GRAY SEXTON
675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

## VI.    COUNT III - FRAUDULENT INDUCEMENT

58.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's 1-57 of this Petition to Enforce Lien and for Damages.

59.

In addition to the enforcement of the statutory lien granted Cajun, and Cajun's entitlement for damages due to EcoProduct's breach of contract, Cajun is entitled to recover damages that were foreseeable as a result of EcoProduct's fraudulently inducing Cajun to agree and perform extra and out-of-scope work at the Project.

60.

EcoProduct made willful and false representations to Cajun personnel through its Partner and Project Manger, Mike Largey, concerning EcoProduct's willingness to pay Cajun on a time and material basis for extra and out-of-scope work performed at the Project by Cajun at the direction of EcoProduct.

61.

At the time such representations were made by EcoProduct, EcoProduct was fully aware that such representations were false and it did not intend to pay Cajun on a time and material basis for extra and out-of-scope work performed by Cajun at the direction of EcoProduct.  Additionally, EcoProduct was aware, at the time of its fraudulent conduct, that Cajun would only agree to perform the extra and out-of-scope work at the direction of EcoProduct solely on the commitment, promise, and assurances of EcoProduct that EcoProduct would compensate Cajun on a time and material basis for any work performed.

62.

The reckless, malicious and false representations made by EcoProduct were made in an attempt to dupe Cajun into performing the extra and out-of-scope work at the Project and assist in plant start up for the sole benefit of and without cost to the defendants.

63.

Cajun has relied on, manifestly to its detriment, the fraudulent representations of EcoProduct: that EcoProduct would compensate Cajun on a time and material basis for extra and out-of-scope work performed by Cajun at the direction of EcoProduct. Cajun's position was significantly altered

LAW OFFICES
OF
!. GRAY SEXTON
'5 BLUEBONNET BLVD.
SUITE C
TON ROUGE, LA 70810
'HONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

to its detriment as a result of these assurances by EcoProduct. More particularly, Cajun continued to perform work for defendants as it had every reason to believe that the defendants would pay Cajun on a time and material basis for the work performed.

64.

As a result of Cajun having relied on, to its detriment, the fraudulent representations, broken promises, assurances and commitments of EcoProduct to compensate Cajun on a time and material basis for the extra and out-of-scope work performed at the Project at the direction of EcoProduct, Cajun has sustained significant damages in the form of lost profits, loss of future profits, general condition costs, home office overhead costs, lost business opportunity, loss of earning capacity, impairment of Cajun's bonding capacity, and other unspecified damages in an amount to be determined.

**VII.    COUNT IV - NEGLIGENT MISREPRESENTATION**

65.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's 1-64 of this Petition to Enforce Lien and for Damages.

66.

In addition to the enforcement of the statutory lien granted Cajun, damages due Cajun due to EcoProduct's breach of contract, and fraudulent inducement of Cajun, Cajun is entitled to recover damages that were foreseeable as a result of EcoProduct's negligent misrepresentations to Cajun, which induced Cajun to agree and perform extra and out-of-scope work at the Project.

67.

EcoProduct made material misrepresentations to Cajun personnel through its Partner and Project Manager, Mike Largey, concerning EcoProduct's payment of the invoices submitted by Cajun to EcoProduct for the performance of extra and out-of-scope work at the Project by Cajun.

68.

EcoProduct's Partner and Project Manager, Mike Largey, made affirmative representations to Cajun personnel that it agreed to Cajun's time sheets and invoices of materials ordered for the Project, thereby approving the costs of the extra and out-of-scope work performed by Cajun.

LAW OFFICES
OF
**R. GRAY SEXTON**
75 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

69.

These misrepresentations made by EcoProduct induced Cajun into continuing to perform the extra and out-of-scope work at the Project, in addition to inducing Cajun to assist EcoProduct in plant start up to the detriment of Cajun and for benefit of defendants and to the detriment of Cajun.

70.

Cajun justifiably relied on, to its detriment, the negligent misrepresentations of EcoProduct, who aware of, knew of, and agreed with the costs Cajun was incurring in performing extra and out-of-scope work performed at the Project. Cajun's position was significantly altered to its detriment as a result of these negligent misrepresentations by EcoProduct. More particularly, Cajun continued to perform the extra and out-of-scope work for defendants, as it had every reason to believe that EcoProduct agreed to the costs associated with the work Cajun was performing.

71.

As a result of Cajun having relied on, to its detriment, the negligent misrepresentation of EcoProduct, Cajun has sustained significant damages in the form of lost profits, loss of future profits, general condition costs, home office overhead costs, lost business opportunity, loss of earning capacity, impairment of Cajun's bonding capacity, and other unspecified damages in an amount to be determined.

VIII.    COUNT V – UNJUST ENRICHMENT

72.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's -71 of this Petition to Enforce Lien and for Damages.

73.

In addition to the enforcement of the statutory lien granted Cajun, damages due Cajun due to EcoProduct's breach of contract, and fraudulent inducement and negligent misrepresentation, and Cajun's performance of the extra and out-of-scope work at the direction of EcoProduct conveyed value to the defendants by furnishing the defendants with materials, labor, supervision, office overhead, tools, equipment, services, supplies and other incidentals necessary to perform its work on the Project, all at the expectation that Cajun would be paid in full for all costs and services provided on the Project by EcoProduct.

LAW OFFICES
OF
R. GRAY SEXTON
75 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

74.

EcoProduct had full knowledge that all of the services performed on the Project by Cajun was in exchange for payment in full of the work performed by Cajun.

75.

Defendants have accepted and benefitted from the work provided by Cajun, but have failed, refused and neglected to pay unto Cajun the value of the benefit that the defendants received by virtue of Cajun's work.

76.

Under such circumstances, the defendants have been unjustly enriched at the expense of the Cajun in the amount of $1,406,758.54, and equity requires that the defendants pay unto Cajun the full amount of their indebtedness.

77.

Cajun is entitled to a trial by jury for all issues herein.

78.

Cajun is entitled to all other just and equitable relief that is reasonable in the premises.

**WHEREFORE,** Cajun Constructors, Inc. prays that:

1.  after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker, Jim Hughes and Syngenta Crop Protection, *in solido*, for the full sum stated in Cajun Constructors, Inc. *Statement of Lien and Privilege* as more fully discussed in this Petition, together with the sum of $5,000.00 as attorneys fees and costs and court costs for preparing, filing, executing and recording the Lien with regarding to the aforementioned Project, together with interest thereon at the maximum legal rate from date due until paid as well as for all costs incurred in these proceedings;

2.  after due proceedings, there be judgment herein in that the *Statement of Claim and Privilege* filed by Cajun Constructors, Inc. be recognized as such encumbrance upon the property described above as provided by law;

3.  after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against defendants EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker and Jim Hughes, *in solido* for the damages sustained by Cajun Constructors Inc. due to the breach by EcoProduct Solutions, LP of its contract with Cajun, for the full sum of $1,406,758.54, together with interest thereon at the maximum legal rate from date due until paid as well as for all costs incurred in these proceedings;

LAW OFFICES
OF
**R. GRAY SEXTON**
75 BLUEBONNET BLVD.
SUITE C
\TON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

4.    after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker and Jim Hughes, *in solido* for the reckless, malicious and fraudulent acts of EcoProduct Solutions, LP and Priest River, Ltd., that have caused reasonably foreseeable damages to Cajun in the form of lost profits, lost future profits, general condition costs, home office overhead costs, lost business opportunities, lost earning capacity, impairment of bonding capacity in an amount to be determined, together with legal interest thereon at the maximum rate from date due until paid as well as for all costs incurred in these proceedings;

5    after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker and Jim Hughes, *in solido* for the negligent, carelessness and wrongful acts of EcoProduct Solutions, LP and Priest River, Ltd., that have caused reasonably foreseeable damages to Cajun in the form of lost profits, lost future profits, general condition costs, home office overhead costs, lost business opportunities, lost earning capacity, impairment of bonding capacity in an amount to be determined, together with legal interest thereon at the maximum rate from date due until paid as well as for all costs incurred in these proceedings;

6.    after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker, Jim Hughes and Syngenta Crop Protection, Inc., *in solido*, in the amount of $1,406,758.54, the amount of that the defendants EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker, Jim Hughes and Syngenta Crop Protection, Inc. have benefitted at the expense of Cajun Constructors, Inc., together with interest thereon at the maximum legal rate from date due until paid as well as for all costs incurred in these proceedings;

7.    Cajun Constructors, Inc. further prays for reasonable attorney's fees as well as for all costs including expert witness fees incurred in these proceedings;

8.    Cajun Constructors, Inc. further prays for trial by jury of all issues of fact herein, and

9.    Cajun Constructors, Inc. further prays for all just and equitable relief that is reasonable in the premises.

Respectfully Submitted:

By: _____

**R. Gray Sexton**, Bar Roll #07531
**Michael D. Dupree**, Bar Roll #26870
8675 Bluebonnet Blvd, Suite C
Baton Rouge, Louisiana 70810
(225) 767-2020 - Phone
(225) 767-0845 - Facsimile

LAW OFFICES
OF
**R. GRAY SEXTON**
175 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

FILED

[SERVICE INFORMATION CONTAINED ON THE FOLLOWING PAGE]

2006 OCT 13 P 3:4?

*Barbara ?. Cavalier*

DY CLERK - EX-OFFICIAL
IBERVILLE, LOUISIANA

Page 15 of 17

**A TRUE COPY**
DATE NOV 20 2006

*Marie Pope*

Deputy Clerk, Ex-Officio, Recorder, Iberville Parish, Louisiana

**PLEASE SERVE:**

**ECOPRODUCT SOLUTIONS, LP.**
Through its agent for service of process:
Capitol Corporate Services, Inc.
8550 United Plaza
Building II
Suite 305
Baton Rouge, LA 70809

**ECOPRODUCT SOLUTIONS, GP, LLC**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on EcoProduct Solutions, GP, LLC, as required by law.

**RICK BILLINGS**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Rick Billings, as required by law.

**MIKE LARGEY**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Mike Largey, as required by law.

**PRIEST RIVER, LTD**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Priest River, Ltd., as required by law.

**YANDELL ROGERS, JR.;**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Yandell Rogers, Jr., as required by law.

**YANDELL ROGERS, III;**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Yandell Rogers, III, as required by law.

**JOE SWINGLE;**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Joe Swingle, as required by law.

**MATT WHITAKER;**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Matt Whitaker, as required by law.

LAW OFFICES
OF
R. GRAY SEXTON
375 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

[SERVICE INFORMATION CONTINUED ON THE FOLLOWING PAGE]

**JIM HUGHES**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Jim Hughes., as required by law.

**SYNGENTA CROP PROTECTION, INC.**
Through its agent for service of process:
CT Corporation System
8550 United Plaza
Baton Rouge, LA 70809

LAW OFFICES
OF
R. GRAY SEXTON
75 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

FILED

2006 OCT 13 P 3 43

DY CLERK · EXOFFICIAL
IBERVILLE, LOUISIANA

**A TRUE COPY**
DATE
Deputy Clerk, Ex-Officio, Recorder, Iberville Parish, Louisiana

# LAW OFFICES OF R. GRAY SEXTON

TELEPHONE
(225) 767-2020
FACSIMILE
(225) 767-0845

8675 BLUEBONNET BOULEVARD, SUITE C
BATON ROUGE, LOUISIANA 70810
graysexton@sextonlaw.net

R. GRAY SEXTON
ATTORNEY AT LAW

TRACY MEYER WALKER
ATTORNEY AT LAW
MICHAEL DAVID DUPREE
ATTORNEY AT LAW

August 10, 2006

**SENT VIA CERTIFIED MAIL**
**7003 3110 0000 7384 8656**
EcoProducts Solutions, LP
200 Valleywood Drive
The Woodlands, TX 77380

**SENT VIA CERTIFIED MAIL**
**7003 3110 0000 7384 8649**
Syngenta Crop Protection
3905 Hwy 75
St. Gabriel, Louisiana 70776

Re:    *Statement of Claim and Privilege*
       *Cajun Constructors, Inc.*

Gentlemen:

Transmitted herewith is proof of the filing of Cajun Constructors, Inc.'s "Statement of Claim and Privilege", which was filed with the Iberville Parish Clerk's office on August 8, 2006.

If you have any questions, do not hesitate to contact me at the office.

Sincerely,

Michael Dupree

Enclosures

cc:    Cajun Constructors, Inc.

EXHIBIT
A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EcoProducts Solums LP
200 Valleywood Drive
The Woodlands, TX 77380

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

RECEIVED
AUG 18 2006

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7003 3110 0000 7384 8656

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Syngenta Crop Protection
3905 Hwy. 75
St. Gabriel LA 70776

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_ II
☑ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Johnny Piper   8/14/06

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

RECEIVED
AUG 18 2006

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7003 3110 0000 7384 8649

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# Iberville Parish Recording Page

J. G. "BUBBIE" DUPONT, JR
CLERK OF COURT
P.O. BOX 423
Plaquemine, LA 70765
(225) 687-5160

**First VENDOR**

SYNGENTA CROP PROTECTION INC

**First VENDEE**

CAJUN CONSTRUCTORS INC

Index Type : Conveyance

Type of Document : Conveyance

Recording Pages :          7

File # : 46876

Book : 578          Entry : 188

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Iberville Parish, Louisiana

On (Recorded Date) : 08/08/2006

At (Recorded Time) : 1:47:59PM

Doc ID - 000569790007

CLERK OF COURT
J. G. "BUBBIE" DUPONT, JR
Parish of Iberville
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 08/08/2006 at 1:47:59
Recorded in Book  578  Page 188
File Number  46876

Deputy Clerk

Do not Detach this Recording Page from Original Document

# Iberville Parish Recording Page

**J. G. "BUBBIE" DUPONT, JR**
**CLERK OF COURT**
P.O. BOX 423
Plaquemine, LA 70765
(225) 687-5160

**First MORTGAGOR**

| SYNGENTA CROP PROTECTION INC |
|---|

**First MORTGAGEE**

| CAJUN CONSTRUCTORS INC |
|---|

Index Type :    Mortgage                                    File # : 46877

Type of Document : Mortgage

                                                            Book :  439      Entry : 27
Recording Pages :              7

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Iberville Parish, Louisiana

On (Recorded Date) : 08/08/2006

At (Recorded Time) :  1:47:59PM



CLERK OF COURT
J. G. "BUBBIE" DUPONT, JR
Parish of Iberville
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 08/08/2006 at 1:47:59
Recorded in Book  439  Page 27
File Number     46877

Doc ID - 000569810007

Deputy Clerk

Do not Detach this Recording Page from Original Document

## STATEMENT OF CLAIM AND PRIVILEGE

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

**BEFORE ME**, Michael Dupree, Notary Public in and for the Parish of East Baton Rouge, State of Louisiana, personally came and appeared:

> Cajun Constructors, Inc., a duly organized Louisiana business corporation domiciled in the Parish of East Baton Rouge, and appearing herein by and through its undersigned and duly authorized officer or agent, Mike Barber and which said company is hereinafter referred to simply as "Cajun");

who, being first duly sworn, did depose and state that:

1. This is a Notice of Claim and Affidavit being made and recorded by Cajun for the purpose of complying with such relevant formalities as may be required under the statutes and Civil Code of the State of Louisiana, more particularly under the Private Works Act (LSA R.S. 9:4801 *et seq.*). To the extent applicable, as may be necessary for the preservation, priority and enforcement of its several specific claims against the General Contractor and its Guarantors and Sureties, as hereinafter set forth.

2. Cajun entered into a contract with EcoProducts Solutions, LP, to provide construction services including the provision of labor, material, equipment and other requirements in connection with real property owned by Syngenta Crop Protection relating to the Syngenta Calcium Chloride Project located at 3905 Hwy 75, St. Gabriel, Louisiana 70776 (property is more specifically described in exhibit "A" which is attached hereto and made a part hereof)

3. EcoProducts Solutions, LP, as the General Contractor, entered into a Construction Agreement with the Syngenta Crop Protection, as Owner, for the overall construction and management of the Syngenta Calcium Chloride Project. Neither the Owner or the General Contractor filed a Notice of Contract.

4. The Cajun Contract is a subcontract to the General Construction Contract existing between EcoProducts Solutions, LP and Syngenta Crop Protection, for work performed on the Syngenta Calcium Chloride Project for the benefit of Syngenta, with all of the work to be performed under the subcontract to be in satisfaction of portions of the work on the Syngenta Calcium Chloride Project.

5. It is unknown at this time if, as part of its obligations under the General Construction Agreement, EcoProducts Solutions, LP, provided either a Payment and/or Performance bond, in regards to the work to be performed under the General Construction Agreement with Syngenta.

6. In connection with the Cajun subcontract, Cajun has continually and without material interruption performed all of its work in a fully workmanlike and proper manner.

7. Further, in connection with the Cajun's subcontract, Cajun has duly submitted its periodic payment requests as required to EcoProduct Solutions, LP for work performed and materials and equipment supplied. Cajun has received payment from time to time on some of its payment requests, but has received no further payment from, or on behalf of, EcoProduct Solutions, LP. Cajun further declares that any withholding of funds from Cajun by EcoProduct Solutions, LP, or by the Owner has not resulted in any way from any fault, act or omission of Cajun.

8.  Upon information and belief, neither the Owner or EcoProduct Solutions, LP, has filed with the Recorder of Mortgages for the Parish of Iberville a Certificate of Substantial Completion.

9.  Cajun now declares that there an outstanding payment request/invoice for which payment has not been received by Cajun from EcoProduct Solutions, LP described as follows:

a)  **$1,276,724.29** (evidenced by the attached schedule of values labeled and attached hereto as exhibit "B").

10. Now, Cajun hereby gives formal notice, and demand full payment, of its claim for the above outstanding payment request/invoice in the amount of **$1,276,724.29**, together with all such interest, penalties and attorney's fees, as may be provided under the contract and/or bonds between the parties or under the laws of the State of Louisiana, upon the following named parties:

**GENERAL CONTRACTOR:**

EcoProducts Solutions, LP
200 Valleywood Drive
The Woodlands, TX 77380

11. For the purpose of its compliance with the provisions of the Louisiana Private Works statutes, if applicable, for the preservation, priority and enforcement of its claim against the parties named in Paragraph 11 above, Cajun hereby gives notice of this claim to the Owner of the Syngenta Calcium Chloride Project, to wit:

**OWNER OF THE SYNGENTA CALCIUM CHLORIDE PROJECT:**

Syngenta Crop Protection
3905 Hwy 75
St. Gabriel, Louisiana 70776

12. This Notice of Claim and Affidavit is made for the purpose of preserving the lien and privilege granted by the laws of the State of Louisiana to Cajun, on the property described herein, and with full reservation of its rights; that said debt, plus interest, costs, penalties and attorney's fees, including but not limited to the costs of filing and drafting this Affidavit, are past due and owing.

**THUS DONE AND SIGNED** at Baton Rouge, Louisiana, on this _____8_____ day of August, 2006, in the presence of the undersigned Notary Public.

**CAJUN CONSTRUCTORS, INC.**

_Michael L Barber_
MICHAEL L. BARBER
VICE-PRESIDENT

Sworn to and subscribed before me,
the undersigned Notary Public, on this
_8_ day of August , 2006.

Michael Dupree, Bar Roll #26870
Commission expires: At death

EcoProduct Solutions, LP
Syngenta Calcium Chloride Plant - Mechanical
Syngenta Crop Protection - St. Gabriel, LA

Cajun Constructors, Inc.
Purchase Order No. SYN-032

Schedule of Values
July 19, 2006

Invoice #05-230-7734-24

| Description | Contract Value ($) | Contract Percent (%) | Percent Complete To Date | Cost Complete To Date | Project Percent Complete (%) |
|---|---|---|---|---|---|
| Mobilization (10%) | $99,995.00 | 10.0% | 100% | $99,995.00 | 100% |
| Concrete Pads & Paving | $134,471.00 | 13.4% | 100% | $134,471.00 | 100% |
| MCC Room: | | | | | |
| Architectural | $16,359.00 | 1.6% | 100% | $16,359.00 | 100% |
| HVAC | $7,490.00 | 0.7% | 100% | $7,490.00 | 100% |
| Misc. Metals / Pipe Supports | $63,336.00 | 6.3% | 100% | $63,336.00 | 100% |
| Equipment Erection | $61,102.00 | 6.1% | 100% | $61,102.00 | 100% |
| Carbon Steel Piping / Valves | $143,007.00 | 14.3% | 100% | $143,007.00 | 100% |
| Dual Laminate Piping / Valves | $234,382.00 | 23.4% | 100% | $234,382.00 | 100% |
| FRP Piping / Valves | $170,988.00 | 17.1% | 100% | $170,988.00 | 100% |
| Painting | $8,900.00 | 0.9% | 100% | $8,900.00 | 100% |
| Piping Insulation | $59,920.00 | 6.0% | 100% | $59,920.00 | 100% |
| Total Lump Sum Price | $999,950.00 | | | $999,950.00 | |

| Description | Retainage | Invoice #'s 7080-07X | | Cost Complete | Paid |
|---|---|---|---|---|---|
| | | | | $99,995.00 | NO |
| Change Order 01 | $4,886.95 | 7081-08 | 100% | $4,886.95 | 04/17/06 |
| Change Order 02 | $11,355.52 | 7081-08 | 100% | $11,355.52 | 04/17/06 |
| Change Order 05 | $1,346.58 | 7081-08 | 100% | $1,346.58 | 04/17/06 |
| Change Order 12 | $11,010.00 | 7081-08 | 100% | $11,010.00 | 04/17/06 |
| Change Order 20 | $2,000.00 | 7081-08 | 100% | $2,000.00 | 04/17/06 |
| Change Order Materials - Phase I (Partial) | $165,000.00 | 7082-09 | 100% | $165,000.00 | NO |
| Change Order Labor - Phase I (Partial) | $238,000.00 | 7089-10 | 100% | $238,000.00 | NO |
| Change Order Materials - Phase II | $49,552.65 | 7186-11 | 100% | $49,552.65 | NO |
| Change Order Materials - Phase III | $57,682.21 | 7187-12 | 100% | $57,682.21 | NO |
| Change Order Subcontracts - Phase I | $138,803.44 | 7331-13 | 100% | $138,803.44 | NO |
| Change Order Labor - Phase II | $95,228.61 | 7340-14 | 100% | $95,228.61 | NO |
| Change Order Job Impacts | $372,573.00 | 7388-15 | 100% | $372,573.00 | NO |
| Change Order Labor - Phase III | $24,808.58 | 7405-16 | 100% | $24,808.58 | NO |
| Change Order Labor - Phase IV | $30,588.83 | 7509-17 | 100% | $30,588.83 | 07/07/06 |
| Change Order Equipment - Phase II | $9,974.17 | 7510-18 | 100% | $9,974.17 | 07/07/06 |
| Change Order Materials - Phase IV | $48,216.63 | 7511-19 | 100% | $48,216.63 | 07/07/06 |
| Change Order Labor - Phase V | $24,696.90 | 7611-20 | 100% | $24,696.90 | 07/07/06 |
| Change Order Equipment - Phase III | $3,646.70 | 7612-21 | 100% | $3,646.70 | 07/07/06 |
| Change Order Materials - Phase V | $450.93 | 7613-22 | 100% | $450.93 | 07/07/06 |
| Change Order Subcontracts - Phase II | $569.22 | 7614-23 | 100% | $569.22 | 07/07/06 |
| Change Order Costs - 6/17/06 thru 7/15/06 | $35,080.80 | | 100% | $35,080.80 | NO |
| Total Change Orders | $1,325,471.72 | | | $1,325,471.72 | |

| | | |
|---|---|---|
| Total Contract Price | $2,325,421.72 | $2,325,421.72 |
| | | $1,276,724.29 |

* Schedule of Values is for accounting purposes only.

EXHIBIT
A

Page 1



EXHIBIT A

## LEGAL DESCRIPTION OF SECTION 31 PROPERTY

A certain tract or parcel of ground, together with all the buildings and improvements thereon, situated in the Parish of Iberville, State of Louisiana, in Section 31, Township 9 South, Range 1 East, Southeastern District of Louisiana, East of the Mississippi River, containing 751.402 acres, more or less, and being more particularly described on map of survey made by the firm of Barnard and Burk, Inc., dated February 8, 1968, attached to Sale of Portion of Option from Evergreen Industrial Lands, Inc. to Geigy Chemical Corporation dated March 13, 1968, recorded in Conveyance Book 179, Entry 271, Official Records of Iberville Parish, Louisiana, more particularly described as follows:

Commencing at a point, said point being identified as an "old iron bar" marking the northeast corner of Section 31 and the southeast corner of Section 124; thence South 18°12'32" West and along the east line of said Section 31 a distance of 3489.17 feet to the point of beginning; thence continuing along South 18°12'32" West a distance of 373.98 feet to the center line of Bayou Braud and corner; thence run in a southwesterly direction along the center line of Bayou Braud to the point at which the center line of Bayou Braud intersects the North section line of Section 70 and corner; thence run North 81°12'23" West a distance of 41.75 feet to point number 21 on said map; thence continue running North 81°12'23" West a distance of 414.75 feet to an iron pipe and corner; thence run South 10°01'37" West a distance of 50.63 feet to an iron pipe and corner; thence run North 87°06'53" West a distance of 971.44 feet to an iron pipe and corner; thence run South 7°06'28" West a distance of 22.30 feet to an iron pipe and corner; thence run North 87°20'04" West a distance of 2.79 feet to an iron pipe and corner; thence run North 58°45'54" West along the section line common to Sections 31 and 32 a distance of 9,896.03 feet to the ordinary low water line of the Mississippi River; thence upstream and in a general northerly direction run to a point where the section line common to Sections 30 and 31 intersects the ordinary low water line of the Mississippi River and corner; thence run South 84°33'55" East a distance of 860.45 feet to an iron pipe on the easterly right of way line of old Louisiana Highway No. 30 (now Louisiana Highway No. 75); thence continue running South 84°33'55" East a distance of 249.82 feet to an iron pipe; thence continue running South 84°33'55" East a distance of 1,524.02 feet and corner; said corner being on the westerly right-of-way line of the Illinois Central Railroad; thence along said railroad right-of-way line South 20°44'35" East a distance of 1,308.68 feet and corner; thence South 72°11'12" East a distance of 10,367.08 feet to the point of beginning; it being the intention of the vendor to convey to the vendee all of the bature that it owns embraced within the tract herein described, together with all rights, privileges and servitudes pertaining thereto including, without limitation, all rights, if any, in adjacent public ways or servitudes.

Being the same property acquired by Geigy Chemical Corporation (i) by Sale of Portion of Option recorded in Conveyance Book 179, Entry 271, Official Records of Iberville Parish, Louisiana, (ii) by Cash Sale from Roland J. Becnel, et al. recorded in Conveyance Book 179, Entry 272, Official Records of Iberville Parish, Louisiana, and (iii) by Cash Sale from Verney E. Becnel recorded in Conveyance Book 180, Entry 19, Official Records of Iberville Parish, Louisiana.

945910_1



Received: VM0/Aug  5 2006 14:

49

LESS AND EXCEPT

1.    72.34 acres sold by Ciba-Geigy Corporation to Air Products and Chemicals, Inc. by Cash
      Sale dated January 20, 1982, recorded January 28, 1982 at Conveyance Book 328, Entry 95,
      Official Records of Iberville Parish, Louisiana.

2.    That portion of the 156.53 acres located in Section 31, Township 9 South, Range 1 East, sold
      by Ciba-Geigy Corporation to CIBA Specialty Chemicals Corporation by Act of Conveyance
      dated December 30, 1996, recorded December 31, 1996 at Conveyance Book 493, Entry 212,
      Official Records of Iberville Parish, Louisiana.

Book:555,Page:16



Book:553,Page:16

**Exhibit A-4**

18th JUDICIAL DISTRICT COURT
PARISH OF IBERVILLE
STATE OF LOUISIANA

Cause No. 64, 383                                                    DIVISION B

CAJUN CONSTRUCTORS, INC.

V.

ECOPRODUCT SOLUTIONS, LP; ECOPRODUCT SOLUTIONS, GP, LLC; RICK
BILLINGS; MIKE LARGEY; PRIEST RIVER, LTD; YANDELL ROGERS, JR.; YANDELL
ROGERS III; JOE SWINGLE; MATT WHITAKER; JIM HUGHES AND SYNGENTA CROP
PROTECTION, INC.

## NOTICE OF FILING OF NOTICE OF REMOVAL

   PLEASE TAKE NOTICE that Defendants, EcoProduct Solutions, LP, Yandell Rogers, Jr.

and Yandell Rogers III filed a Notice of Removal on November 27, 2006.  A copy of the Notice of

Removal is attached hereto as Exhibit 1.  This action is now pending in the United States District

Court for the Middle District of Louisiana.

                              Respectfully submitted,

                              BUCK, KEENAN, GAGE, LITTLE & LINDLEY, L.L.P.


                              By: _____
                                    Ann E. Webb
                                    La. Bar No. 18491
                                    Texas Bar No. 21017600
                                    William A. Gage, Jr.
                                    Texas Bar No. 07566580

                              700 Louisiana, Suite 5100
                              Houston, Texas  77002
                              (713) 225-4500
                              (713) 225-3719 Fax

                              Attorneys for EcoProduct Solutions, LP, Yandell
                              Rogers, Jr. and Yandell Rogers III

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Filing Notice of Removal was served on the following by certified mail, return receipt requested, this 22nd day of November, 2006:

R. Gray Sexton
Law Offices of R. Gray Sexton
675 Bluebonnet Blvd., Suite C
Baton Rouge, LA 70810

_____
Ann E. Webb

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

CAJUN CONSTRUCTORS, INC          )
                                 )
        Plaintiff,               )
                                 )
v.                               )        Case No. _____
                                 )
ECOPRODUCT SOLUTIONS, LP;        )
ECOPRODUCT SOLUTIONS, GP LLC     )
RICK BILLINGS; MIKE LARGEY;      )
PRIEST RIVER, LTD; YANDELL       )
ROGERS, JR; YANDELL ROGERS III   )
JOE SWINGLE; MATT WHITAKER;      )
JIM HUGHES; and SYNGENTA CROP    )
PROTECTION, INC.                 )
        Defendants.              )

---

## CERTIFICATE OF INTERESTED PARTIES

EcoProduct Solutions, L.P., Yandell Rogers, Jr. and Yandell Rogers, III ("Defendants"), pursuant to this Court's Order for Conference and Disclosure of Interested Parties,  file this certificate of persons or entities that are financially interested in the outcome of this litigation as follows:

    1.      EcoProduct Solutions, L.P.;

    2.      EcoProduct Solutions, L.P.;

    3.      Rick Billings;

    4.      Mike Largey;

    5.      Priest River, Ltd.;

6.      Yandell Rogers, Jr.;

7.      Yandell Rogers, III;

8.      Joe Swingle;

9.      J. Mathew Whitaker;

10.     James Hughes; and

11.     Syngenta Crop Protection, Inc.; and

12.     Syngenta, A.G.

Respectfully submitted,

_____

Ann E. Webb
La. Bar No. 18491

ATTORNEY IN CHARGE FOR DEFENDANTS
YANDELL   ROGERS,   JR.   AND   YANDELL
ROGERS III

OF COUNSEL:
William A. Gage, Jr.
Tex. Bar No. 07566580
BUCK, KEENAN, GAGE, LITTLE & LINDLEY, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002
713-225-4500 (phone)
713-225-3719 (fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Certificate of Interested Parties was served on the following by certified mail, return receipt requested, this 22nd day of November, 2006:

R. Gray Sexton
Law Offices of R. Gray Sexton
675 Bluebonnet Blvd., Suite C
Baton Rouge, LA 70810

_____
Ann E. Webb

℠JS 44   (Rev.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Cajun Constructors, Inc.

### DEFENDANTS

EcoProduct Solutions, LP; EcoProduct Solutions, GP, LLC
Rick Billings; Mike Largey; Priest River, LLC; Yandell
Rogers, Jr.; Yandell Rogers, III; Joe Swingle; Matt Whitaker;
Jim Hughes; and Syngenta Crop Protection, Inc.

(b) County of Residence of First Listed Plaintiff   East Baton Rouge Parish
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Montgomery Cty.TX
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorney's (Firm Name, Address, and Telephone Number)
R. Gray Sexton
8675 Bluebonnet Blvd, Suite C
Baton Rouge, LA 70810
225-757-2020 (office)
2250757-0845 (fax)

Attorneys (If Known)
William A. Gage, Jr.
Buck, Keenan, Gage, Little & Lindley, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002
713.225.4500 (office) 713.225.3719 (fax)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties
      in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐22 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐23 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐20 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐30 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐40 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | | | ☐ 891 Agricultural Acts |
| X 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐61 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | Act | ☐62 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐63 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐64 SSID Title XVI | ☐ 895 Freedom of |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐65 RSI (405(g)) | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Determination Under Equal |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | | Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐70 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐71 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332 and 1446. Breach of contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,406,758.54
excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  11-22-06

SIGNATURE OF ATTORNEY OF RECORD   Ann E. Webb   La Bar # 18491

FOR OFFICE USE ONLY
RECEIPT #  469004934   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____