## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CAJUN CONSTRUCTORS, INC.**                    **CIVIL ACTION**

**VERSUS**

**ECOPRODUCT SOLUTIONS, LP, ET AL.**          **NO.  06-902-JVC-PN**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER, AFFIRMATIVE DEFENSES AND CROSS CLAIM OF SYNGENTA CROP PROTECTION, INC. IN RESPONSE TO PLAINTIFF'S PETITION TO ENFORCE LIEN AND FOR DAMAGES

NOW COME Defendant, SYNGENTA CROP PROTECTION, INC. ("Syngenta"), through undersigned counsel and in answer to the Petition to Enforce Lien and for Damages (hereinafter, the "Complaint") filed by Cajun Constructors, Inc. (hereinafter, "Plaintiff"), deny each and every allegation contained therein, except those allegations which may be specifically admitted herein.  And further, in response to the allegations of Plaintiff, Syngenta respectfully states:

### AFFIRMATIVE DEFENSES

Syngenta specifically avers that the following affirmative defenses preclude or reduce any recovery which may otherwise be assigned to it in this case.  To the extent necessary, Syngenta pleads these affirmative defenses in the alternative.

1118511_1

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Syngenta did not enter into any contractual agreements, written or otherwise, with Plaintiff. Thus, Syngenta has no legal liability for any damages sought in this matter by Plaintiff, and there is no basis in law or in fact for a claim by Plaintiff against Syngenta, nor is there a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law to support the claims against Syngenta. Further, Plaintiff is not entitled to recover damages of any kind from Syngenta, including, but not limited to, direct, indirect, special, punitive, or consequential damages or loss of alleged profits.

## THIRD DEFENSE

To the extent that Plaintiff entered into a written construction contract with EcoProduct Solutions, L.P. (hereinafter, "EcoProduct") or any other party involved in this suit, Syngenta pleads the terms, specifications, conditions, exclusions, limitations, and warranties of said contract, as if fully copied herein.

## FOURTH DEFENSE

Syngenta is not responsible for the acts or omissions, if any, of EcoProduct or any other party, because Syngenta is a separate and distinct entity from these parties, Syngenta is not an "alter ego" of these parties, and none of these parties is an agent for Syngenta.

1118511_1

## FIFTH DEFENSE

The damages or losses allegedly sustained by Plaintiff were neither caused nor contributed to by Syngenta but, rather, if sustained at all, are the result of Plaintiff's own conduct, negligence and/or fault.

## SIXTH DEFENSE

The damages and losses allegedly sustained by Plaintiff were neither caused nor contributed to by Syngenta but, rather, if sustained at all, are the result of the conduct, negligence and/or fault of third parties for whom Syngenta is not responsible.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by its failure to mitigate the alleged damages and losses.

## EIGHTH DEFENSE

Plaintiff is estopped from recovering any damages or losses from Syngenta because Plaintiff's own actions and/or inactions caused and contributed to the damages and losses alleged in the petition.

## NINTH DEFENSE

Plaintiff did not timely notify Syngenta in accordance with Louisiana law and/or any other law which may be found to be applicable.

1118511_1

## TENTH DEFENSE

To the extent that discovery may show or demonstrate that all or part of Plaintiff's claims which are the basis of this lawsuit have either been settled or adjudicated, Syngenta plead the doctrines of res judicata, collateral estoppel, payment and release, waiver, and accord and satisfaction in bar or reduction of the claims against Syngenta.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitation and/or prescription, and/or by one of the various types of estoppel recognized by the law, including the doctrines of laches, equitable estoppel, and waiver.

## TWELFTH DEFENSE

Syngenta specifically denies any and all allegations of acts of fraud, misrepresentation, bad faith acts, intentional tort, intentional breaches of contract, unfair or deceptive trade practices, gross negligence, or any other negligence.

## THIRTEENTH DEFENSE

Syngenta avers that to the extent it had any dealings with Plaintiff, which is denied, such dealings were conducted in good faith.

## FOURTEENTH DEFENSE

Syngenta avers that Plaintiff has not pled his allegations of fraud, bad faith, intentional misconduct, gross negligence, and/or fraudulent inducement against defendants with sufficient particularity.

## FIFTEENTH DEFENSE

Syngenta at all times acted in full compliance with all applicable statutes and regulations and acted reasonably under the circumstances and within the parameters of its authority.

## SIXTEENTH DEFENSE

Plaintiff's claims are subject to the defense of a multiplicity of suits due to the pendency of another action.

## SEVENTEENTH DEFENSE

Syngenta will rely on all other defenses provided by contract, including but not limited to Plaintiff's failure to comply with the contract and failure to satisfy conditions precedent to recovery.

## EIGHTEENTH DEFENSE

Syngenta hereby adopts and incorporates by reference, to the extent applicable and consistent, any and all affirmative defenses asserted by other defendants in this matter.

## NINTEENTH DEFENSE

Syngenta reserves the right to supplement and amend its answer to set forth specific facts upon which these affirmative answers are based as discovery is undertaken and the evidence is developed, or as may be appropriate in the premises.

## TWENTIETH DEFENSE

Syngenta reserves the right to assert any and all other affirmative defenses which discovery hereafter may reveal to be appropriate.

AND NOW, responding to each specific allegation contained in the Complaint, Syngenta states:

### 1.

The allegations contained in paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein, except to admit that Syngenta is a defendant in the above-captioned matter and is a Delaware corporation authorized to do and doing business in the State of Louisiana. Syngenta, however, specifically denies any inference of fault and/or liability relating to the Complaint.

### 2.

The allegations contained in paragraph 2 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

### 3.

The allegations contained in paragraph 3 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is

required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

4.

The allegations contained in paragraph 4 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein. Furthermore, Syngenta contends that any written documents alluded to in the Complaint are the best evidence of their terms and condition.

5.

The allegations contained in paragraph 5 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

6.

The allegations contained in paragraph 6 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

7.

The allegations contained in paragraph 7 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

8.

The allegations contained in paragraph 8 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

9.

The allegations contained in paragraph 9 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

10.

The allegations contained in paragraph 10 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

11.

The allegations contained in paragraph 11 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta.  Therefore, no response should be required of Syngenta.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

12.

The allegations contained in paragraph 12 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta.  Therefore, no response should be required of Syngenta.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

13.

The allegations contained in paragraph 13 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta.  Therefore, no response should be required of Syngenta.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

14.

The allegations contained in paragraph 14 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to

the truth therein. Furthermore, Syngenta contends that any written documents alluded to in the Complaint are the best evidence of their terms and condition.

15.

The allegations contained in paragraph 15 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein. Furthermore, Syngenta contends that any written documents alluded to in the Complaint are the best evidence of their terms and condition.

16.

The allegations contained in paragraph 16 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein. Furthermore, Syngenta contends that any written documents alluded to in the Complaint are the best evidence of their terms and condition.

17.

The allegations contained in paragraph 17 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein. Furthermore, Syngenta contends that any written documents alluded to in the Complaint are the best evidence of their terms and condition.

1118511_1                              10

18.

The allegations contained in paragraph 18 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

19.

The allegations contained in paragraph 19 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

20.

The allegations contained in paragraph 20 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

21.

The allegations contained in paragraph 21 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

22.

The allegations contained in paragraph 22 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

23.

The allegations contained in paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

24.

The allegations contained in paragraph 24 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

25.

The allegations contained in paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

26.

The allegations contained in paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

27.

The allegations contained in paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

28.

The allegations contained in paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

29.

The allegations contained in paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

30.

The allegations contained in paragraph 30 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

31.

The allegations contained in paragraph 31 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

32.

The allegations contained in paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

33.

The allegations contained in paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

34.

The allegations contained in paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

35.

The allegations contained in paragraph 35 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

36.

The allegations contained in paragraph 36 of the Complaint do not require a response from Syngenta. To the extent that a response is required, Syngenta denies said allegations and any inference of fault and/or liability relating to the Complaint.

37.

The allegations contained in paragraph 37 of the Complaint are denied as written. Furthermore, Syngenta contends that any written documents alluded to in the Complaint are the best evidence of their terms and condition.

38.

The allegations contained in paragraph 38 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein. Furthermore, Syngenta

contends that any written documents alluded to in the Complaint are the best evidence of their terms and condition.

39.

The allegations contained in paragraph 39 of the Complaint are denied.

40.

The allegations contained in paragraph 40 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein. Furthermore, Syngenta contends that any written documents alluded to in the Complaint are the best evidence of their terms and condition.

41.

The allegations contained in paragraph 41 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein. Furthermore, Syngenta contends that any written documents alluded to in the Complaint are the best evidence of their terms and condition.

42.

The allegations contained in paragraph 42 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

43.

The allegations contained in paragraph 43 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

44.

The allegations contained in paragraph 44 of the Complaint are denied.

45.

The allegations contained in paragraph 45 of the Complaint are denied.

46.

The allegations contained in paragraph 46 of the Complaint are denied and strict proof thereof is demanded at trial.

47.

The allegations contained in paragraph 47 of the Complaint do not require a response from Syngenta. To the extent that a response is required, Syngenta denies said allegations and any inference of fault and/or liability relating to the Complaint.

48.

The allegations contained in paragraph 48 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

49.

The allegations contained in paragraph 49 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is

required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

50.

The allegations contained in paragraph 50 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

51.

The allegations contained in paragraph 51 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

52.

The allegations contained in paragraph 52 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

53.

The allegations contained in paragraph 53 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is

required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

54.

The allegations contained in paragraph 54 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

55.

The allegations contained in paragraph 55 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

56.

The allegations contained in paragraph 56 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

57.

The allegations contained in paragraph 57 of the Complaint are denied and strict proof thereof is demanded at trial.

58.

The allegations contained in paragraph 58 of the Complaint do not require a response from Syngenta. To the extent that a response is required, Syngenta denies said allegations and any inference of fault and/or liability relating to the Complaint.

59.

The allegations contained in paragraph 59 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

60.

The allegations contained in paragraph 60 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

61.

The allegations contained in paragraph 61 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

62.

The allegations contained in paragraph 62 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

63.

The allegations contained in paragraph 63 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

64.

The allegations contained in paragraph 64 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

65.

The allegations contained in paragraph 65 of the Complaint do not require a response from Syngenta. To the extent that a response is required, Syngenta denies said allegations and any inference of fault and/or liability relating to the Complaint.

66.

The allegations contained in paragraph 66 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

67.

The allegations contained in paragraph 67 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

68.

The allegations contained in paragraph 68 of the Complaint do not pertain to Syngenta and, therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

69.

The allegations contained in paragraph 69 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

70.

The allegations contained in paragraph 70 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

71.

The allegations contained in paragraph 71 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

72.

The allegations contained in paragraph 72 of the Complaint do not require a response from Syngenta. To the extent that a response is required, Syngenta denies said allegations and any inference of fault and/or liability relating to the Complaint.

73.

The allegations contained in paragraph 73 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

74.

The allegations contained in paragraph 74 of the Complaint contain conclusions of law and allegations that do not pertain to Syngenta. Therefore, no response should be required of Syngenta. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

75.

To the extent that the allegations contained in paragraph 75 of the Complaint pertain to Syngenta, Syngenta denies such allegations and demands strict proof thereof at trial. The remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

76.

To the extent that the allegations contained in paragraph 76 of the Complaint pertain to Syngenta, Syngenta denies such allegations and demands strict proof thereof at trial. The remaining allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

77.

The allegations contained in paragraph 77 of the Complaint pertain to a demand for jury trial and do not require a response from Syngenta.

78.

The allegations contained in paragraph 78 of the Complaint are denied.

79.

Syngenta denies that Plaintiff is entitled to the prayer for relief set forth in the Complaint.

WHEREFORE, Defendant, Syngenta Crop Protection, Inc., prays that this answer be deemed sufficient, that after due proceedings are had, there be judgment herein in favor of Syngenta Crop Protection, Inc., dismissing the claims of Cajun Constructors, Inc., with prejudice, and at its cost, and that Syngenta Crop Protection, Inc. be awarded costs, fees and such other relief as this Court deems just and proper under the circumstances.

AND NOW, assuming the position of Cross Claim-Plaintiff, Syngenta respectfully avers as follows:

I.

The following parties are made Cross Claim-Defendants:

a.    EcoProduct Solutions, L.P. (hereinafter, referred to as "EcoProduct"), a Texas limited partnership, authorized to do and doing business in the State of Louisiana

II.

Cross Claim-Plaintiff, Syngenta, was named as a defendant in Plaintiff's Petition to Enforce Lien and for Damages, filed on October 13, 2006 in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, and removed on November 27, 2006, to

the United States District Court for the Middle District of Louisiana in the above-captioned matter.

III.

Syngenta had no business dealings with Plaintiff and was improperly made a defendant in this action. Syngenta files this Cross Claim solely as a precaution and does not concede in any manner that it has liability to Plaintiff or that it is a proper party defendant.

IV.

In the main action, Plaintiff alleges that, among other things, it entered into an agreement with EcoProduct to perform construction services for EcoProduct on a location described as 3905 Highway 75, St. Gabriel, Louisiana 70776, and that EcoProduct failed to properly submit payment to Plaintiff under the agreement.

V.

As a result of the foregoing, Plaintiff filed a statement of claim and privilege and a petition to enforce the lien and for damages against Syngenta and other parties.

VI.

The situs of events giving rise to Plaintiff's main demand is the particular location of 3905 Highway 75, St. Gabriel, Louisiana 70776, whereon EcoProduct owns a calcium chloride product plant (hereinafter, "Calcium Chloride Plant"), and which at all relevant times was and currently is leased to EcoProduct, as lessee, by Syngenta, as lessor, pursuant

1118511_1

to an agreement entered into between these parties on September 29, 2004 (hereinafter, the "lease agreement").

VII.

Pursuant to Sections 3.2(e) and 11.0 of the lease agreement, EcoProduct agreed to defend and indemnify Syngenta against any loss or damage arising from any claims asserted against Syngenta related to the enforcement of any liens for work performed at the Calcium Chloride Plant.

VIII.

Syngenta has previously, formally tendered to EcoProduct for defense and indemnity the claims of Plaintiff in the above-captioned matter.

IX.

Syngenta is entitled to full indemnity, or alternatively, contribution and/or recovery from EcoProduct from and against any and all damages for which Syngenta may be cast in Plaintiff's main demand, and for all costs and attorneys' fees incurred in the defense of the main demand.

WHEREFORE, Cross Claim-Plaintiff, Syngenta Crop Protection, Inc., prays that the Cross Claim-Defendant, EcoProduct Solutions, L.P., be required to appear and answer this Cross Claim and after due proceedings are had, that there be judgment rendered herein in favor of Syngenta Crop Protection, Inc. and against EcoProduct Solutions, L.P., for all or part

1118511_1

of any judgment that may be rendered herein in favor of Plaintiff, Cajun Contractors, Inc. and

against Syngenta Crop Protection, Inc., together with legal interest from date of judicial

demand until paid, attorneys' fees and costs and such other relief as this Court deems just and

proper under the circumstances.


RESPECTFULLY SUBMITTED BY:


_____
James P. Dore, T.A. (#5021)
Amy D. Berret (#24295)
R. Benn Vincent, Jr. (#28793)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
  McCOWAN & JARMAN, L.L.P.
Post Office Box 3513
22nd Floor, One American Place (70825)
Baton Rouge, Louisiana 70821
Telephone: (225) 397-0999
Facsimile: (225) 388-9133

*Attorneys for Syngenta Crop Protection, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been mailed via U.S. Mail, postage prepaid, this date to the following:

R. Gray Sexton
Michael D. Dupree
8675 Bluebonnet Blvd., Suite C
Baton Rouge, LA   70810

Ann E. Webb
Buck, Keenan, Gage, Little & Lindley, LLP
700 Louisiana, Suite 5100
Houston, TX   77002

Baton Rouge, Louisiana, this __11__ day of January, 2007.

_____

1118511_1                                                28