18TH JUDICIAL DISTRICT COURT

PARISH OF IBERVILLE

STATE OF LOUISIANA

SUIT NO. 64383                                                      DIVISION B

CAJUN CONSTRUCTORS, INC.

VERSUS

ECOPRODUCT SOLUTIONS, LP; ECOPRODUCT SOLUTIONS, GP, LLC;
RICK BILLINGS; MIKE LARGEY; PRIEST RIVER, LTD; YANDELL ROGERS, JR.;
YANDELL ROGERS, III; JOE SWINGLE; MATT WHITAKER;
JIM HUGHES; AND SYNGENTA CROP PROTECTION, INC.

## PETITION TO ENFORCE LIEN AND FOR DAMAGES:

NOW INTO COURT, through undersigned counsel, comes Cajun Constructors, Inc.

(hereinafter sometimes referred to as "Cajun"), a domestic corporation domiciled in East Baton

Rouge Parish, State of Louisiana, which respectfully represents as follows:

I.    PARTIES

1.

Made defendants herein are:

A.    **ECOPRODUCT SOLUTIONS, LP** (hereinafter sometimes referred to as "EcoProduct"), a Texas Limited Partnership, authorized to do and doing business in the State of Louisiana whose principal business address in Louisiana is listed as 8550 United Plaza Building II, Suite. 305, Baton Rouge, LA 70809;

B.    **ECOPRODUCT SOLUTIONS, GP, LLC,** a Texas Limited Liability Company, believed to be the Managing Partner of defendant EcoProduct Solutions, LP, domiciled at 5711 Hillcroft, Houston, TX 77036;

C.    **RICK BILLINGS,** an individual above the age of majority believed to be a Partner of defendant EcoProduct Solutions, LP and domiciled at 5711 Hillcroft, Houston, TX 77036;

D.    **MIKE LARGEY,** an individual above the age of majority believed to be a Partner of defendant EcoProduct Solutions, LP and domiciled at 5711 Hillcroft, Houston, TX 77036;

E.    **PRIEST RIVER, LTD** (hereinafter sometimes referred to as "Priest River"), a Texas Limited Partnership doing business in Louisiana, believed to be domiciled in Houston Texas, whose address is believed to be 5711 Hillcroft, Houston, TX 77036;

F.    **YANDELL ROGERS, JR.,** an individual above the age of majority believed to be the Managing Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

AW OFFICES
OF
RAY SEXTON
LUEBONNET BLVD.
SUITE C
I ROUGE, LA 70810
NE 225-767-2020
X 225-767-0645
sexton@sextonlaw.net

Page 1 of 17



G.   **YANDELL ROGERS, III,** an individual above the age of majority believed to be a Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

H.   **JOE SWINGLE,** an individual above the age of majority believed to be a Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

I.   **MATT WHITAKER,** an individual above the age of majority believed to be a Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

J.   **JIM HUGHES,** an individual above the age of majority believed to be a Partner of defendant Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, TX 77036;

K.   **SYNGENTA CROP PROTECTION, INC.** (hereinafter sometimes referred to as "Syngenta"), a Delaware corporation, authorized to do and doing business in the State of Louisiana whose principal business establishment in Louisiana is located at the St. Gabriel Plant, River Road, St. Gabriel, LA 70776.

## II.    VENUE AND JURISDICTION

### 2.

Venue is proper in the 18th Judicial District Court for the Parish of Iberville, State of Louisiana in accordance with La. CCP Art. 42 as Iberville Parish is the situs of the immovable property subject to the enforcement of the statutory lien, and all or a substantial amount of the relevant facts described in this petition occurred in Iberville Parish Louisiana. Jurisdiction is proper in the 18th Judicial District Court as the situs of the immovable property subject to the enforcement of the statutory lien is located in Iberville Parish. In addition, defendants EcoProduct Solutions, LP and Syngenta Crop Protection, Inc., are licensed to do and doing business in the State of Louisiana, conducting business in Iberville Parish. Defendant Priest River, Ltd. does business in Louisiana.

## III.    GENERAL FACTS

### 3.

Cajun is a multi-faceted performance-based contractor with extensive experience in industrial and mechanical construction throughout Louisiana and the southeast region of the United States.

### 4.

Cajun entered into an agreement with EcoProduct on June 30, 2005 to perform the mechanical package of construction services for EcoProduct in regards to the construction of the Syngenta Calcium Chloride Project located at 3905 Highway 75, St. Gabriel, Louisiana 70776 (hereinafter sometimes referred to as the "Project").

LAW OFFICES
OF
!. GRAY SEXTON
'S BLUEBONNET BLVD.
SUITE C
TON ROUGE, LA 70810
'HONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

5.

Defendant EcoProduct Solutions, GP, LLC as Managing Partner of EcoProduct is for the acts of defendant EcoProduct all as contemplated in a La. C.C. Art. 28:17.

6.

It is believed by Cajun that defendant Rick Billings is a Partner of defendant EcoProduct, and as such, is liable for the acts of defendant EcoProduct all as contemplated in a La. C.C. Art. 28:17.

7.

It is believed by Cajun, that defendant Mike Largey, employed by EcoProduct as its Project Manager, is also a Partner of EcoProduct, and as such, is liable for the acts of EcoProduct all as contemplated in a La. C.C. Art. 28:17.

8.

Upon information and belief, EcoProduct is a wholly owned subsidiary of Priest River, is controlled, by Priest River, and as such, Priest River is liable *in solido*, for the acts of its subsidiary, EcoProduct.

9.

Upon information and belief, defendant Yandell Rogers, Jr. is the Managing Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

10.

Upon information and belief, defendant Yandell Rogers, III is a Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

11.

Upon information and belief, defendant Joe Swingle is a Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

12.

Upon information and belief, defendant Matt Whitaker is a Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

13.

Upon information and belief, defendant Jim Hughes is a Partner of defendant Priest River, and as such, is liable for the acts of Priest River all as contemplated in a La. C.C. Art. 28:17.

LAW OFFICES
OF
t. GRAY SEXTON
'5 BLUEBONNET BLVD.
SUITE C
TON ROUGE, LA 70810
'HONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

14.

EcoProduct acted as the General Contractor on the Project and contracted out various portions of the construction of the Project, to different entities.

15.

Cajun's scope of work at the Project entailed the management and erection of structural steel, mechanical equipment, piping systems, painting, insulation, the construction of civil foundations, and area paving at the Project.

16.

The mechanical contract between Cajun and EcoProduct was for the lump sum value of $999,950.00.

17.

Before Cajun received the "Issued For Construction" Drawings in order to start construction on the Mechanical Scope of Cajun's work, EcoProduct put Cajun portions of Cajun's work on hold due to EcoProduct attempting a redesign of the load out line, which ran from the new construction, through the existing Syngenta facility to the Mississippi River. EcoProduct had ENGlobal Engineering, its contracted design engineer, redesign the load out line.

18.

At some time after the redesign of the load line, EcoProduct terminated its relationship with ENGlobal Engineering. Once ENGlobal Engineering was terminated, EcoProduct's Partner and Project Manager, Mike Largey, began to issue verbal orders and directions to Cajun personnel in an effort to have Cajun facilitate the construction of EcoProduct's design changes at the Project.

19.

The changes and extra work Cajun was directed to perform delayed Cajun in the completion of the original scope of Cajun's work. Inasmuch, by December 31, 2005, Cajun had completed 100% of its original scope of work and at that time, defendant Mike Largey, made representations to Cajun personnel that EcoProduct desired Cajun to remain at the site and assist EcoProduct in a "start-up" capacity. Mike Largey made verbal representations and commitments that all of the extra, out-of-scope work performed by Cajun at the direction of EcoProduct would be paid strictly on a time and material basis.

LAW OFFICES
OF
R. GRAY SEXTON
75 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0945
graysexton@sextonlaw.net

20.

Due to EcoProduct's promise to compensate Cajun on a time and material basis for all extra and out-of-scope work performed at the Project, Cajun, at the direction of the EcoProduct representative and Project Manager, did perform extra and out-of-scope work at the Project.

21.

EcoProduct personnel reviewed and consented to the Cajun time sheets and material purchase orders regarding the extra and out-of-scope work performed by Cajun at the Project.

22.

Cajun continued to perform work on a time and material basis for EcoProduct from December 31, 2005 until October 9, 2006 due to the representations and commitments, made by EcoProduct, that EcoProduct would honor its agreement to compensate Cajun for the extra, out-of-scope work on a time and material basis.

23.

As of this date, Cajun has been paid 90% of the value of the lump sum contract it entered with EcoProduct. Although Cajun has performed all of its scope of work, EcoProduct, Priest River and Syngenta have failed to submit to Cajun the withheld retainage in the amount of $99,995.00.

24.

Cajun has submitted invoices to EcoProduct in the amount of $1,416,647.91 for the out-of-scope services, payable on a time and material basis, performed at the Project.

25.

All of the additional out-of-scope work performed by Cajun at the Project was performed for the benefit of defendants.

26.

An additional amount of $38,858.06 is owed to Cajun for services performed in September of 2006 through October 9, 2006, which has yet to be invoiced to EcoProduct. The total value of services provided by Cajun to the defendants, for extra, out-of-scope work performed at the project is $1,455,505.97

27.

As of this date, Cajun has been paid the amount of $148,742.50 for the extra and out-of-scope work it was directed to perform by EcoProduct for the Project.

LAW OFFICES
OF
R. GRAY SEXTON
1675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

Page 5 of 17

28.

EcoProduct is indebted to Cajun for the total amount of $1,306,763.54 for extra and out-of-scope performed at the Project.

29.

The total amount of EcoProduct's indebtedness to Cajun for services performed at the Project for the benefit of the defendants, is $1,406,758.54.

30.

On October 6, 2006, Cajun personnel attended a meeting in Houston, Texas to discuss facilitation of the payment of the amounts due Cajun by EcoProduct and Priest River.

31.

At the meeting, EcoProduct and Priest River were represented by counsel. As Cajun was under the impression that the agenda of this meeting was to discuss the payment of Cajun's outstanding invoices, Cajun was not represented by counsel.

32.

Present at this meeting, and on behalf of defendant Priest River, were defendants and alleged Partners of Priest River, Joe Swingle, Matt Whitaker and Jim Hughes.

33.

Present at this meeting, and on behalf of defendant EcoProduct, was defendant and alleged Partner of EcoProduct, Rick Billings.

34.

At this meeting, which was directed by the representatives of Priest River (defendants Joe Swingle, Matt Whitaker and Jim Hughes) Cajun was informed that Priest River and/or EcoProduct did not intend to pay Cajun for the extra, out-of-scope work performed at the Project.

35.

On October 9, 2006, Cajun was served with a Petition for Damages, filed by EcoProduct in the District Court of Harris County, Texas, listing Cajun as a defendant.  It was learned that the petition had been filed on August 22, 2006, approximately 46 days before Cajun met with defendant EcoProduct and Priest River to facilitate payment.

LAW OFFICES
OF
R. GRAY SEXTON
675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

Page 6 of 17

## IV.    COUNT I – ENFORCEMENT OF STATUTORY LIEN

36.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's 1-36 of this Petition for Damages and to Enforce Lien.

37.

Cajun furnished equipment and labor on an open account basis to the defendants for a certain Project upon property owned by Syngenta, said property being more particularly described as follows:

> Syngenta Calcium Chloride Project located at 3905 Highway 75, St. Gabriel, Louisiana 70776 (hereinafter sometimes referred to as the "Project").   A more detailed description of the said property is included in the Statement of Claim and privilege filed by Cajun and attached hereto, labeled as Exhibit "A".

38.

The aforementioned Project was, upon Cajun's information and belief, a "Private Works" Project governed particularly by LA. R.S.  9:4801 *et seq.*

39.

Because defendant EcoProduct is a wholly owned subsidiary of Priest River, Cajun avers that Priest River is liable, *in solido*, along with the Syngenta and EcoProduct for the full amount of Cajun's claims.

40.

As a result of the non-payment of its invoices and in accordance with LA R.S. 9:4801, et seq., Cajun filed and recorded in the Mortgage and Conveyance records of Iberville Parish, a *Statement of Claim and Privilege*, on July 8, 2006, with regard to the aforementioned Project and debt owed to Cajun, as follows:

A.    Against EcoProduct Solutions, LP, as General Contractor, and Syngenta Crop Protection, Inc., as Owner; said Statement of Claim and Privilege recorded in Mortgage Book 439 Entry 27, File Number 46877, with the Clerk and Recorder of Mortgages for the Parish of Iberville, State of Louisiana in the amount of $1,276,723.85, and

B.    Against EcoProduct Solutions, LP, as General Contractor, and Syngenta Crop Protection, Inc., as Owner; said Statement of Claim and Privilege recorded in the Conveyance Records, Book 578 Entry 188, File Number 46876, with the Clerk and Recorder of Mortgages for the Parish of Iberville, State of Louisiana in the amount of $1,276,723.85.

LAW OFFICES
OF
R. GRAY SEXTON
375 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

41.

As of July 15, 2006, Cajun was owed the entire amount of said claim, as indicated in the preceding paragraph with regard to the Project.

42.

All appropriate notices of the amount due Cajun and the filing of the *Statement of Claim and Privilege* have been given to all appropriate parties as required by LA. R.S. 9:4801 *et seq.*

43.

The Statement of Claim and Privilege was timely recorded in conformity with The Louisiana Private Works Act (LA. R.S. 9:4801 *et seq.*) thereby entitling Cajun to have its *Statement of Claim and Privilege* on the property described in Paragraph 4 of this Petition recognized as an encumbrance against the property in accordance with applicable Louisiana law.

44.

Defendants have failed to make any payments of the amounts due unto Cajun since the filing of the *Statement of Claim and Privilege* and, therefore, Cajun is entitled to attorney fees which Cajun has and will incur in this proceeding.

45.

Cajun is entitled to recover the sum of $5,000.00 as attorney's fees and court costs for the cost of preparing, filing, executing and recording the *Statement of Claim and Privilege* with regard to the aforementioned Project.

46.

Cajun is entitled to have the *Statement of Claim and Privilege* recognized as such encumbrance upon the property described above as provided by law.

### V.    COUNT II – BREACH OF CONTRACT

47.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's 1-46 of this Petition to Enforce Lien and for Damages.

LAW OFFICES
OF
R. GRAY SEXTON
175 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

48.

In addition to the enforcement of the statutory lien granted Cajun, Cajun is entitled to recover measurable pecuniary damages, which were foreseeable, as a result of the breach by EcoProduct of agreement and commitment to Cajun to compensate Cajun on a time and material basis for all extra or out-of-scope work performed at the Project.

49.

EcoProduct (through its Partner, and Project Manager, Mike Largey) committed to, promised, agreed and otherwise became legally obligated to pay Cajun for extra and out-of-scope work performed by Cajun at the direction of EcoProduct on a time and material basis.

50.

For its part, Cajun agreed to perform the extra and out-of-scope work at the direction of EcoProduct based solely on the commitment, promise, assurances and contractual obligations of EcoProduct that it would compensate Cajun on a time and material basis for any work performed.

51.

Indeed, EcoProduct acknowledged its responsibility under this agreement, contract and commitment by directing Cajun employees and field personnel to perform the construction changes in the field. In addition, EcoProduct paid the invoices for the amounts owed on several of the initial Cajun invoices submitted to EcoProduct for out-of-scope work performed by Cajun.

52.

Throughout the course of the construction of the Project, Cajun continued to cooperate with EcoProduct in assisting EcoProduct with the construction aspects of the plant start up, even though a substantial amount of Cajun's invoices went unpaid.

53.

Following the occurrence of the aforementioned events in general, and the payment to Cajun of $148,742.50 for extra work performed on a time and material basis, EcoProduct breached its contract with Cajun. EcoProduct breached its obligation to pay Cajun on a time and material basis for all extra and out-of-scope work performed by Cajun at the direction of EcoProduct. The reason Cajun has been told, and therefore believes, is that the extra and out-of-scope work performed by Cajun exceeded a "lump sum change order amount."

LAW OFFICES
OF
R. GRAY SEXTON
775 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

54.

At no time did EcoProduct ever indicate to Cajun, during the construction of the Project that the extra and out-of-scope work performed by Cajun at the request and direction of EcoProduct was to be compensated in any other fashion than on a time and material basis. Nor did EcoProduct ever indicate that there was a "lump sum" dollar figure amount that Cajun could not exceed while performing the extra work at the direction of EcoProduct.

55.

As a direct, reasonably anticipated and clearly foreseeable result of the breach by EcoProduct of its promises, commitments and obligations to Cajun to compensate Cajun on a time and material basis for all extra and out-of-scope work performed by Cajun at the direction of EcoProduct, Cajun has sustained pecuniary damages in an undetermined amount. As more particularly set forth hereinabove and as a result of the breach by EcoProduct of its contract with Cajun to compensate Cajun on a time and material basis for all extra and out-of-scope work performed by Cajun at the direction of EcoProduct, Cajun has not been paid the sum of $1,306,763.54, in addition to the sum of $99,995.00, the amount of retainage withheld from the original lump sum contract.

56.

Cajun specifically avers that the above and foregoing damages are foreseeable and well within the contemplation of the parties as Cajun had expressed to EcoProduct that it would perform the extra and out-of-scope work at the direction of EcoProduct based solely on the commitment, promise, assurances and contractual obligations of EcoProduct that EcoProduct would compensate Cajun on a time and material basis for any work performed and that EcoProduct's Partner and Project Manager, Mike Largey, had specifically acknowledged his awareness of Cajun's concerns over compensation and agreed to compensate Cajun on a time and material basis for all extra and out-of-scope work performed.

57.

Accordingly, and as a result of the breach by EcoProduct of its contractual commitment, obligations and promises to Cajun to compensate Cajun on a time and material basis for all extra and out-of-scope work performed by Cajun at the direction of EcoProduct, Cajun is entitled to recover from the defendants damages in an undetermined amount.

LAW OFFICES
OF
R. GRAY SEXTON
675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

## VI.    COUNT III - FRAUDULENT INDUCEMENT

### 58.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's 1-57 of this Petition to Enforce Lien and for Damages.

### 59.

In addition to the enforcement of the statutory lien granted Cajun, and Cajun's entitlement for damages due to EcoProduct's breach of contract, Cajun is entitled to recover damages that were foreseeable as a result of EcoProduct's fraudulently inducing Cajun to agree and perform extra and out-of-scope work at the Project.

### 60.

EcoProduct made willful and false representations to Cajun personnel through its Partner and Project Manger, Mike Largey, concerning EcoProduct's willingness to pay Cajun on a time and material basis for extra and out-of-scope work performed at the Project by Cajun at the direction of EcoProduct.

### 61.

At the time such representations were made by EcoProduct, EcoProduct was fully aware that such representations were false and it did not intend to pay Cajun on a time and material basis for extra and out-of-scope work performed by Cajun at the direction of EcoProduct. Additionally, EcoProduct was aware, at the time of its fraudulent conduct, that Cajun would only agree to perform the extra and out-of-scope work at the direction of EcoProduct solely on the commitment, promise, and assurances of EcoProduct that EcoProduct would compensate Cajun on a time and material basis for any work performed.

### 62.

The reckless, malicious and false representations made by EcoProduct were made in an attempt to dupe Cajun into performing the extra and out-of-scope work at the Project and assist in plant start up for the sole benefit of and without cost to the defendants.

### 63.

Cajun has relied on, manifestly to its detriment, the fraudulent representations of EcoProduct: that EcoProduct would compensate Cajun on a time and material basis for extra and out-of-scope work performed by Cajun at the direction of EcoProduct. Cajun's position was significantly altered

LAW OFFICES
OF
R. GRAY SEXTON
175 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

to its detriment as a result of these assurances by EcoProduct.  More particularly, Cajun continued to perform work for defendants as it had every reason to believe that the defendants would pay Cajun on a time and material basis for the work performed.

64.

As a result of Cajun having relied on, to its detriment, the fraudulent representations, broken promises, assurances and commitments of EcoProduct to compensate Cajun on a time and material basis for the extra and out-of-scope work performed at the Project at the direction of EcoProduct, Cajun has sustained significant damages in the form of lost profits, loss of future profits, general condition costs, home office overhead costs, lost business opportunity, loss of earning capacity, impairment of Cajun's bonding capacity, and other unspecified damages in an amount to be determined.

**VII.    COUNT IV - NEGLIGENT MISREPRESENTATION**

65.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's 1-64 of this Petition to Enforce Lien and for Damages.

66.

In addition to the enforcement of the statutory lien granted Cajun, damages due Cajun due to EcoProduct's breach of contract, and fraudulent inducement of Cajun, Cajun is entitled to recover damages that were foreseeable as a result of EcoProduct's negligent misrepresentations to Cajun, which induced Cajun to agree and perform extra and out-of-scope work at the Project.

67.

EcoProduct made material misrepresentations to Cajun personnel through its Partner and Project Manager, Mike Largey, concerning EcoProduct's payment of the invoices submitted by Cajun to EcoProduct for the performance of extra and out-of-scope work at the Project by Cajun.

68.

EcoProduct's Partner and Project Manager, Mike Largey, made affirmative representations to Cajun personnel that it agreed to Cajun's time sheets and invoices of materials ordered for the Project, thereby approving the costs of the extra and out-of-scope work performed by Cajun.

LAW OFFICES
OF
R. GRAY SEXTON
375 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

Page 12 of 17

69.

These misrepresentations made by EcoProduct induced Cajun into continuing to perform the extra and out-of-scope work at the Project, in addition to inducing Cajun to assist EcoProduct in plant start up to the detriment of Cajun and for benefit of defendants and to the detriment of Cajun.

70.

Cajun justifiably relied on, to its detriment, the negligent misrepresentations of EcoProduct, who aware of, knew of, and agreed with the costs Cajun was incurring in performing extra and out-of-scope work performed at the Project. Cajun's position was significantly altered to its detriment as a result of these negligent misrepresentations by EcoProduct. More particularly, Cajun continued to perform the extra and out-of-scope work for defendants, as it had every reason to believe that EcoProduct agreed to the costs associated with the work Cajun was performing.

71.

As a result of Cajun having relied on, to its detriment, the negligent misrepresentation of EcoProduct, Cajun has sustained significant damages in the form of lost profits, loss of future profits, general condition costs, home office overhead costs, lost business opportunity, loss of earning capacity, impairment of Cajun's bonding capacity, and other unspecified damages in an amount to be determined.

## VIII.    COUNT V – UNJUST ENRICHMENT

72.

Cajun realleges, and incorporates by reference, all of the allegations contained in Paragraph's -71 of this Petition to Enforce Lien and for Damages.

73.

In addition to the enforcement of the statutory lien granted Cajun, damages due Cajun due to EcoProduct's breach of contract, and fraudulent inducement and negligent misrepresentation, and Cajun's performance of the extra and out-of-scope work at the direction of EcoProduct conveyed value to the defendants by furnishing the defendants with materials, labor, supervision, office overhead, tools, equipment, services, supplies and other incidentals necessary to perform its work on the Project, all at the expectation that Cajun would be paid in full for all costs and services provided on the Project by EcoProduct.

LAW OFFICES
OF
R. GRAY SEXTON
175 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

74.

EcoProduct had full knowledge that all of the services performed on the Project by Cajun was in exchange for payment in full of the work performed by Cajun.

75.

Defendants have accepted and benefitted from the work provided by Cajun, but have failed, refused and neglected to pay unto Cajun the value of the benefit that the defendants received by virtue of Cajun's work.

76.

Under such circumstances, the defendants have been unjustly enriched at the expense of the Cajun in the amount of $1,406,758.54, and equity requires that the defendants pay unto Cajun the full amount of their indebtedness.

77.

Cajun is entitled to a trial by jury for all issues herein.

78.

Cajun is entitled to all other just and equitable relief that is reasonable in the premises.

**WHEREFORE**, Cajun Constructors, Inc. prays that:

1.    after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker, Jim Hughes and Syngenta Crop Protection, *in solido*, for the full sum stated in Cajun Constructors, Inc. *Statement of Lien and Privilege* as more fully discussed in this Petition, together with the sum of $5,000.00 as attorneys fees and costs and court costs for preparing, filing, executing and recording the Lien with regarding to the aforementioned Project, together with interest thereon at the maximum legal rate from date due until paid as well as for all costs incurred in these proceedings;

2.    after due proceedings, there be judgment herein in that the *Statement of Claim and Privilege* filed by Cajun Constructors, Inc. be recognized as such encumbrance upon the property described above as provided by law;

3.    after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against defendants EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker and Jim Hughes, *in solido* for the damages sustained by Cajun Constructors Inc. due to the breach by EcoProduct Solutions, LP of its contract with Cajun, for the full sum of $1,406,758.54, together with interest thereon at the maximum legal rate from date due until paid as well as for all costs incurred in these proceedings;

LAW OFFICES
OF
R. GRAY SEXTON
675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

**PLEASE SERVE:**

**ECOPRODUCT SOLUTIONS, LP.**
Through its agent for service of process:
Capitol Corporate Services, Inc.
8550 United Plaza
Building II
Suite 305
Baton Rouge, LA 70809

**ECOPRODUCT SOLUTIONS, GP, LLC**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on EcoProduct Solutions, GP, LLC, as required by law.

**RICK BILLINGS**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Rick Billings, as required by law.

**MIKE LARGEY**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Mike Largey, as required by law.

**PRIEST RIVER, LTD**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Priest River, Ltd., as required by law.

**YANDELL ROGERS, JR.;**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Yandell Rogers, Jr., as required by law.

**YANDELL ROGERS, III;**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Yandell Rogers, III, as required by law.

**JOE SWINGLE;**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Joe Swingle, as required by law.

**MATT WHITAKER;**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Matt Whitaker, as required by law.

[SERVICE INFORMATION CONTINUED ON THE FOLLOWING PAGE]

Page 16 of 17

LAW OFFICES
OF
R. GRAY SEXTON
75 BLUEBONNET BLVD.
SUITE C
ATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

**JIM HUGHES**
Through the Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Jim Hughes., as required by law.

**SYNGENTA CROP PROTECTION, INC.**
Through its agent for service of process:
CT Corporation System
8550 United Plaza
Baton Rouge, LA 70809

LAW OFFICES
OF
**R. GRAY SEXTON**
3675 BLUEBONNET BLVD.
SUITE C
BATON ROUGE, LA 70810
PHONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

4.    after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker and Jim Hughes, *in solido* for the reckless, malicious and fraudulent acts of EcoProduct Solutions, LP and Priest River, Ltd., that have caused reasonably foreseeable damages to Cajun in the form of lost profits, lost future profits, general condition costs, home office overhead costs, lost business opportunities, lost earning capacity, impairment of bonding capacity in an amount to be determined, together with legal interest thereon at the maximum rate from date due until paid as well as for all costs incurred in these proceedings;

5    after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker and Jim Hughes, *in solido* for the negligent, carelessness and wrongful acts of EcoProduct Solutions, LP and Priest River, Ltd., that have caused reasonably foreseeable damages to Cajun in the form of lost profits, lost future profits, general condition costs, home office overhead costs, lost business opportunities, lost earning capacity, impairment of bonding capacity in an amount to be determined, together with legal interest thereon at the maximum rate from date due until paid as well as for all costs incurred in these proceedings;

6.    after due proceedings, there be judgment herein in favor of Cajun Constructors, Inc. and against EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker, Jim Hughes and Syngenta Crop Protection, Inc., *in solido*, in the amount of $1,406,758.54, the amount of that the defendants EcoProduct Solutions, LP, EcoProduct Solutions, GP, LLC, Rick Billings, Mike Largey, Priest River, Ltd., Yandell Rogers, Jr., Yandell Rogers, III, Joe Swingle, Matt Whitaker, Jim Hughes and Syngenta Crop Protection, Inc. have benefitted at the expense of Cajun Constructors, Inc., together with interest thereon at the maximum legal rate from date due until paid as well as for all costs incurred in these proceedings;

7.    Cajun Constructors, Inc. further prays for reasonable attorney's fees as well as for all costs including expert witness fees incurred in these proceedings;

8.    Cajun Constructors, Inc. further prays for trial by jury of all issues of fact herein, and

9.    Cajun Constructors, Inc. further prays for all just and equitable relief that is reasonable in the premises.

Respectfully Submitted:

By: _____

**R. Gray Sexton**, Bar Roll #07531
**Michael D. Dupree**, Bar Roll #26870
8675 Bluebonnet Blvd, Suite C
Baton Rouge, Louisiana 70810
(225) 767-2020 - Phone
(225) 767-0845 - Facsimile

LAW OFFICES
OF
R. GRAY SEXTON
'5 BLUEBONNET BLVD.
SUITE C
TON ROUGE, LA 70810
'HONE 225-767-2020
FAX 225-767-0845
graysexton@sextonlaw.net

FILED

2006 OCT 13 P 3 48

[SERVICE INFORMATION CONTAINED ON THE FOLLOWING PAGE]

BY: CLERK EXOFFICIO 15 of 17
IBERVILLE, LOUISIANA

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAJUN CONSTRUCTORS, INC. | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| ECOPRODUCT SOLUTIONS, LP; | ) |
| ECOPRODUCT SOLUTIONS GP, LLC; | ) **Case No. 06-902-JVP-CN** |
| RICK BILLINGS; MIKE LARGEY; | ) |
| PRIEST RIVER, LTD; YANDELL | ) |
| ROGERS, JR.; YANDELL ROGERS, III; | ) |
| JOE SWINGLE; MATT WHITAKER; | ) |
| JIM HUGHES; and SYNGENTA CROP | ) |
| PROTECTION, INC. | ) |
| | ) |
| *Defendants* | ) |

## AFFIDAVIT OF R. GRAY SEXTON

BE IT KNOWN, that on this _12_ day of April, 2007, before me, the undersigned Notary

Public, personally came and appeared:

**R. GRAY SEXTON**, of the age of majority and domiciled in the Parish of East
Baton Rouge Parish, Louisiana ("Affiant"),

who, after being duly sworn, and in the presence of the hereinafter subscribing witnesses deposed

and stated that the information contained herein is made on the basis of his personal knowledge,

information, and belief, and that:

1.

Affiant is the owner of the Law Office of R. Gray Sexton the law firm representing Cajun

Constructors, Inc. in the above captioned case.



2.

In regards to proceedings entitled "*Cajun Constructors, Inc. v. EcoProduct Solutions, LP; EcoProduct Solutions, GP, LLC; Rick Billings; Mike Largey; Priest River, LTD; Yandell Rogers, Jr.; Yandell Rogers, III; Joe Swingle; Matt Whitaker; Jim Hughes; and Syngenta Crop Protection, Inc.*." appearing as civil action 06-902-JVP-CN, affiant has charged Cajun Constructors, Inc. attorneys' fees in the amount of $17,171.25 for the legal services provided in connection with the proceedings in the United States District Court for the Middle District of Louisiana.

**THIS DONE AND SIGNED** in Baton Rouge, Louisiana on the date first above given in the presence of the hereinafter subscribing witnesses and me, Notary Public.

**WITNESSES:**

Printed Name: _____

Printed Name: _Daniel Crocker_

R. GRAY SEXTON

NOTARY PUBLIC
Bar Roll # _25412_    E. Todd Hebert
**Commission expires at death.**